## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BUTTE DIVISION

| | |
|---|---|
| COTTONWOOD ENVIRONMENTAL LAW CENTER, et al., | **CV-20-28-BU-BMM** |
| Plaintiffs, | |
| v. | **ORDER** |
| RON EDWARDS, in his official capacity as Manager of the Big Sky Water and Sewer District; and BIG SKY WATER AND SEWER DISTRICT, | |
| Defendants. | |

Plaintiffs filed an amended Complaint against the above-named Defendants on September 23, 2020, asserting that Defendants violate section 301 of the Clean Water Act, 33 U.S.C. § 1311(a). Doc. 8. Plaintiffs moved for a first preliminary injunction on February 3, 2021. Doc. 21. This Court denied that motion on March 23, 2020. Doc. 35. Plaintiffs moved for a second preliminary injunction on June 30, 2021. Doc. 47. This Court vacated the August 17, 2021 hearing for Plaintiffs second preliminary injunction to provide time for Defendants to depose Plaintiffs' expert witness. Doc. 58. Plaintiffs moved for a temporary restraining order enjoining the Defendants from accepting any new sewer connections on August 20, 2021. Doc.

60.

Fed. R. Civ. P. 65(b)(1) authorizes this Court to issue a temporary restraining order without written or oral notice to the adverse party only where (A) "specific facts in . . . a verified complaint clearly show that immediate or irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition;" and (B) "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." The analysis "is substantially identical for [a preliminary] injunction and [a] TRO." *Stuhlbarg Intern. Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). Plaintiffs "must establish that [they are] likely to succeed on the merits, that [they are] likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tip in [their] favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def Council, Inc.*, 555 U.S. 7, 20 (2008). A preliminary injunction or temporary restraining order represents an extraordinary remedy, that should not be awarded as a matter of right, but only "upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22.

This Court previously found that Plaintiffs had not demonstrated irreparable harm or established sufficient likelihood of success on the merits. Doc. 35 at 18. This Court also found that the balance of the equities, for the same remedy requested here, did not weigh in favor of the Plaintiffs. *Id.* Plaintiffs have not submitted new

evidence to change the Court's prior determination. The Court will allow Defendants to respond to Plaintiffs' expert report before weighing that evidence.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion for a Temporary Restraining Order and Second Motion for a Preliminary Injunction is DENIED IN PART.

1. Plaintiffs' motion seeking a temporary restraining order is DENIED.

2. The hearing for the second preliminary injunction will be reset by further order of the Court upon the parties' submission of a proposed schedule.

DATED this 23rd day of August, 2021.

_____
Brian Morris, Chief District Judge
United States District Court