# Exhibit 2

# Letter from Reid Perkins to John Meyer, dated September 16, 2021



| | | |
|---|---|---|
| Donovan Worden, Sr. (1892 – 1967) | Ronald A. Bender | Chris A. Johnson (MT,WA) |
| Donovan Worden, Jr. (1918 – 2001) | Martin S. King | Dana L. Hupp |
| Jeremy G. Thane (1927 – 2016) | W. Carl Mendenhall | Martin Rogers |
| | Sean M. Morris | Brand G. Boyar |
| | Reid J. Perkins | Natalie L. Black |
| | William E. McCarthy | Elizabeth W. Erickson |
| | Amy M. Scott Smith | Clare Kealey |
| | Jori Quinlan | Jennifer Shannon |
| | Jesse C. Kodadek | Dillon Kato |

September 16, 2021

Via Email and Regular Mail To:

John Meyer
Cottonwood Environmental Law Center
P.O. Box 412
Bozeman, MT 59771
John@cottonwoodlaw.org

Jon Rauchway
Davis Graham & Stubbs LLP
1550 17th Street, Suite 500
Denver, CO 80202
Jon.Rauchway@dgslaw.com

Jacqueline R. Papez
Cynthia D. Brooks
Doney Crowley P.C.
P.O. Box 1185
Helena, MT 59601
JPapez@doneylaw.com

    Re: Chris Allen Deposition
    Our No.: 12764-006



C. Allen
DEPOSITION EXHIBIT
No. 3
NORDHAGEN REPORTING

Dear Mr. Meyer:

I represent WGM Group, Inc. and Chris Allen. Mr. Allen contacted me to discuss the Notice of Video-Recorded Deposition that he recently received in *Cottonwood Environmental Law Center v. Ron Edwards*.

After talking to Mr. Allen, I am unclear as to the scope of what you expect Mr. Allen to testify to. Accordingly, I am writing you to notify you of our position prior to the deposition so if we have an issue we can attempt to resolve it prior to that deposition. It is our position that Mr. Allen's testimony will be limited to those facts that he has personally observed and opinions which are rationally based on his own perception of events in this case, if any.

It is my understanding that, generally speaking, if a witness is asked to testify on their professional opinion or to discuss issues involving standard of care or causation, that witness should be formally retained as an expert witness. *Fed.R.Civ.P., Rule 26(a)(2); and Fed.R.Evid., Rule 702.* Opinion testimony by lay witnesses is "limited to one that is: (a) rationally based on the witness's perception, (b) helpful to clearly understand the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical or other specialized knowledge within the scope of Rule 702." *Fed.R.Evid., Rule 701.* There is a gray area, however, in-between a lay witness and a retained expert witness. That gray area is non-retained expert witnesses or "hybrid" witnesses.

John Meyer
September 16, 2021
Page 2

A non-retained expert is normally someone who is a fact witness but also has some professional expertise. As a Montana Federal District Court explained recently, "[t]he distinguishing characteristic between a retained expert and a non-retained expert is the nature of the expert's testimony." *Davies v. EPA*, 2020 WL 2736576, *2 (D. Mont. 2020) (citations omitted). "A retained expert is 'an expert who without prior knowledge of the facts giving rise to [the] litigation, is recruited to provide expert opinion testimony.'" *Id.* "The retained expert provides opinions at trial based on information that he or she has obtained in a manner other than by being a percipient witness to the events at issue." *Id.* The non-retained expert, is one "who was 'involved in the events giving rise to the litigation.'" *Id.* at *3. "The non-retained expert's knowledge arises from his or her involvement in those events." *Id.* "The non-retained expert provides opinions at trial based on information he or she acquired through his or her percipient observations." *Id.*

In accord with federal law, non-retained or hybrid expert witnesses have been described by the Montana Supreme Court as witnesses "whose information was not acquired in preparation for trial but rather because he was an actor or viewer with respect to the transactions or occurrences that are part of the subject matter of the lawsuit." *See Norris v. Fritz*, 2012 MT 27, ¶ 20, 270 P.3d 79, 364 Mont. 63. In other words, a non-retained expert possesses "personal knowledge of factual events relevant to the case. He also possesses specialized training that allows him to formulate expert opinions regarding those factual events." *Id.* at ¶ 22.

As such, the non-retained expert's testimony is normally related to that person's own personal observations and first-hand involvement in the case. Based on the cases I have read, it is my understanding that non-retained experts are only expected to testify about opinions formed during the course of their participation in the relevant events of the case. For example, a treating physician may be a non-retained expert, but his or her opinions are only allowed to the extent those opinions were formed during the course of treatment. If an opinion was not formed during the course of the treatment, then that expert cannot (or is not expected to) testify as to that opinion.

I am assuming that Mr. Allen is being deposed as a non-retained (hybrid) fact witness. You have attached technical documents to the notice of deposition, including documents Mr. Allen has never seen before. At the same time, Mr. Allen was not retained as an expert witness. Mr. Allen has not agreed to be a retained expert. Accordingly, I have to assume you intend to ask Mr. Allen questions on his professional opinion as a non-retained expert.

Relative to the Resort Area Wastewater Analysis (Attachment 2 to the notice of deposition), it is my understanding that neither Mr. Allen nor WGM Group, Inc. took any measurements or tests relative to the data contained within that report. Rather, Mr. Allen analyzed data that was given to him by a third-party. As such, Mr. Allen has no first-hand knowledge of any facts; Mr. Allen was analyzing data that was provided to him. His opinions are based on the assumption that the data is correct, but he cannot confirm that the data is correct.

From my perspective, relative to the Resort Area Wastewater Analysis, Mr. Allen was a retained expert for someone else outside of the present litigation; not a fact witness in this case. As such, I do not believe Mr. Allen can even qualify as a hybrid witness or a non-retained expert in the present case. (I recognize, however, that you may be taking his deposition to confirm on the record

John Meyer
September 16, 2021
Page 3

that he has no first-hand knowledge of facts, that his prior expert opinion was given as a retained expert for another entity, or to lay foundation for the report.)

At any rate, relative to any opinion testimony, Mr. Allen's testimony will be limited to those opinions which are rationally based on his own perception of events in this case, if any. In other words, if Mr. Allen acquired personal knowledge of relevant facts through his own perceptions (independent of this litigation), he may testify as to opinions formed from such independently acquired facts as a result of his education, training, and experience. Mr. Allen, however, will not be giving opinions beyond the scope of his own observations of events (if any) and/or beyond the scope of his own opinions formed as a result of his own observations. To the extent that Mr. Allen has no personal knowledge of the facts, he will not be giving opinions because he lacks the required personal knowledge to give a non-retained expert opinion.

To this end, at the deposition please plan on first laying the foundation of asking what facts Mr. Allen personally observed prior to you asking about the opinions he may have formed from those personally observed facts. Please also consider this letter my standing objection to the form of any question that does not first establish that Mr. Allen personally observed facts with his own senses. I believe any question that does not first lay that foundation will be assuming facts not in evidence, or may even be a misleading question or mischaracterization of Mr. Allen's testimony.

If you have a different understanding of the allowable scope of Mr. Allen's testimony, please respond and provide me the legal authority supporting your position. I am open to reviewing any such legal authority. If your intent is to ask Mr. Allen to testify like a retained and disclosed expert witness by giving opinions that are not based on his own observation of events (without having actually retained Mr. Allen), however, then I suggest we may need a conference call with the Court prior to the deposition to work out the scope of what may be allowed and what may not be allowed. In other words, if the intent is to have Mr. Allen act as an uncompensated un-retained expert witness who is giving opinions like he is a retained expert, then I believe we may need some clarification on whether that broad scope is allowed for a non-retained expert (who is also likely not even a fact witness because his opinion in the paper was based on information which was provided to him).

Finally, if you would be willing to reschedule the date of the deposition, I would appreciate that courtesy. My wife is having surgery on September 21. I have to be present at the end of the procedure to get after-care instructions from the physician. As a result, I may or may not be able to attend the deposition. If I cannot attend, I have made arrangements with Dana Hupp to have her step in for me. Accordingly, if the deposition is not rescheduled then either I or Dana Hupp will be attending the deposition. It would be easier, however, if we could pick another day so I can focus on my wife that day. Please let me know if you would be amendable to rescheduling.

John Meyer
September 16, 2021
Page 4

As always, thank you for your professionalism in this matter. Please direct all future communications to Mr. Allen through me.

Sincerely,

Reid Perkins

cc: Chris Allen