# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
### BUTTE DIVISION

| | |
|---|---|
| COTTONWOOD ENVIRONMENTAL LAW CENTER, et al., | **CV-20-28-BU-BMM** |
| Plaintiffs, | **ORDER** |
| v. | |
| BIG SKY WATER AND SEWER DISTRICT, | |
| Defendant. | |

The Court, having considered the parties' proposed instructions, the Ninth Circuit's pattern instructions, the language of the Clean Water Act, 33 U.S.C. § 1251 *et seq.*, and applicable case law, submits the following proposed final jury instructions for the April 25, 2022 trial. The Court will consider any objections or concerns at the pretrial conference at 9:00 a.m. on April 25, 2022, at the Federal Courthouse in Butte, Montana.

DATED this 14th day of April, 2022.

_____
Brian Morris, Chief District Judge
United States District Court

PRELIMINARY INSTRUCTIONS

*Cottonwood Environmental Law Center, Montana Rivers, and Gallatin Wildlife Association,*

*v.*

*Big Sky Water and Sewer District*

2:20-cv-00028-BU-BMM

**PRELIMINARY INSTRUCTION NO. P-1**

Members of the jury: You are now the jury in this case. It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it.  You will be allowed to keep this set of instructions to refer to throughout the trial.  These instructions are not to be taken home and must remain in the jury room when you leave in the evenings.  At the end of the trial, these instructions will be collected, and I will give you a final set of instructions.  It is the final set of instructions that will govern your deliberations.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

Please do not read into these instructions or anything I may say or do that I have an opinion regarding the evidence or what your verdict should be.

**PRELIMINARY INSTRUCTION NO. P-2**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The Plaintiffs assert that the District has violated the Federal Clean Water Act by discharging pollutants to a navigable water from a point source without a permit.  The Plaintiffs have the burden of proving this claim.

The District denies that claim.

## PRELIMINARY INSTRUCTION NO. P-3

The Plaintiffs have the burden of proving their claim by a preponderance of the evidence.  When a party has the burden of proving any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all the evidence, regardless of which party presented it.

## PRELIMINARY INSTRUCTION NO. P-4

The evidence you are to consider in deciding what the facts are consists of:

1.      the sworn testimony of any witness;

2.      the exhibits that are admitted into evidence;

3.      any facts to which the lawyers have agreed; and

4.      any facts that I may instruct you to accept as proved.

## PRELIMINARY INSTRUCTION NO. P-5

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

(1)     Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they may say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)     Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3)     Testimony that is excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered.  In addition, some evidence may be received only for a limited purpose; when I instruct you to consider certain evidence only for a limited purpose,

you must do so, and you may not consider that evidence for any other purpose.

(4)     Anything you may see or hear when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

## PRELIMINARY INSTRUCTION NO. P-6

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

## PRELIMINARY INSTRUCTION NO. P-7

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered, or the exhibit received.  If I sustain the objection, the question cannot be answered, and the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence.  That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

## PRELIMINARY INSTRUCTION NO. P-8

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)     the opportunity and ability of the witness to see or hear or know the things testified to;

(2)     the witness's memory;

(3)     the witness's manner while testifying;

(4)     the witness's interest in the outcome of the case, if any;

(5)     the witness's bias or prejudice, if any;

(6)     whether other evidence contradicted the witness's testimony;

(7)     the reasonableness of the witness's testimony in light of all the evidence; and

(8)     any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

## PRELIMINARY INSTRUCTION NO. P-9

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty.  Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone, tablet, or computer, or any other electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media.  This applies to communicating with your fellow jurors until I

give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last.  But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict:  do not read, watch or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.  Do not visit or view any place discussed in this case, and do not use the Internet or any other resource to search for or view any place discussed during the trial.  Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If

you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings. If any juror is exposed to any outside information, please notify the court immediately.

## PRELIMINARY INSTRUCTION NO. P-10

If there is any news media account or commentary about the case or anything to do with it, you must ignore it.  You must not read, watch, or listen to any news media account or commentary about the case or anything to do with it. The case must be decided by you solely and exclusively on the evidence that will be received in the case and on my instructions as to the law that applies.  If any juror is exposed to any outside information, please notify me immediately.

## PRELIMINARY INSTRUCTION NO. P-11

If you wish, you may take notes to help you remember the evidence.  If you do take notes, please keep them to yourself until you go to the jury room to decide the case.  Do not let notetaking distract you.  When you leave, your notes should be left in the jury room.  No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

## PRELIMINARY INSTRUCTION NO. P-12

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

## PRELIMINARY INSTRUCTION NO. P-13

Trials proceed in the following way:  First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine.  Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

COURSE OF TRIAL INSTRUCTIONS

*Cottonwood Environmental Law Center, Montana Rivers, and Gallatin Wildlife Association,*

*v.*

*Big Sky Water and Sewer District*

2:20-cv-00028-BU-BMM

## PRELIMINARY INSTRUCTION NO. P-14

**At the End of Each Day of the Case:**

As I indicated before this trial started, you as jurors will decide this case based solely on the evidence presented in this courtroom.  This means that, after you leave here for the night, you must not conduct any independent research about this case, the matters in the case, the legal issues in the case, or the individuals or other entities involved in the case.  This is important for the same reasons that jurors have long been instructed to limit their exposure to traditional forms of media information such as television and newspapers.  You also must not communicate with anyone, in any way, about this case.  And you must ignore any information about the case that you might see while browsing the internet or your social media feeds.

**At the Beginning of Each Day of the Case:**

As I reminded you yesterday and continue to emphasize to you today, it is important that you decide this case based solely on the evidence and the law presented here.  So you must not learn any additional information about the case from sources outside the courtroom.  To ensure fairness to all parties in this trial, I

will now ask each of you whether you have learned about or shared any information about this case outside of this courtroom, even if it was accidental.

If you think that you might have done so, please let me know now by raising your hand. [Wait for a show of hands].  I see no raised hands; however, if you would prefer to talk to the court privately in response to this question, please notify a member of the court's staff at the next break.  Thank you for your careful adherence to my instructions.

## PRELIMINARY INSTRUCTION NO. P-15

**Prior to First Break:**

We are about to take our first break during the trial. Until the trial is over, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, and you are not allowed to permit others to discuss the case with you. This includes discussing the case in person, in writing, by phone or electronic means, via email, via text messaging, or any Internet chat room, blog, website or application, including, but not limited to, Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media. If anyone approaches you and tries to talk to you about the case, please let me know about it immediately. Do not read or listen to any news reports of the trial, including any online information.  Finally, you are reminded to keep an open mind until all the evidence has been received and you have heard the arguments of counsel, the instructions of the court, and the views of your fellow jurors.

If you need to speak with me about anything, simply give a signed note to the clerk to give to me.

## PRELIMINARY INSTRUCTION NO. P-16

The parties have agreed to certain facts that will be read to you.  You must therefore treat these facts as having been proved.

## PRELIMINARY INSTRUCTION NO. P-17

Certain charts and summaries not admitted into evidence may be shown to you in order to help explain the contents of books, records, documents, or other evidence in the case.  Charts and summaries are only as good as the underlying evidence that supports them.  You should, therefore, give them only such weight as you think the underlying evidence deserves.

## PRELIMINARY INSTRUCTION NO. P-18

Certain charts and summaries may be admitted into evidence to illustrate information brought out in the trial.  Charts and summaries are only as good as the testimony or other admitted evidence that supports them.  You should, therefore, give them only such weight as you think the underlying evidence deserves.

## PRELIMINARY INSTRUCTION NO. P-19

You will hear testimony from experts retained by the parties who will testify to opinions and the reasons for those opinions. This opinion testimony is allowed because of the education or experience of this witness.

Such opinion testimony should be judged like any other testimony. You may accept or reject it, and give it as much weight as you think it deserves, considering the witness' education and experience, the reasons given for the opinion, and all the other evidence in the case.

FINAL INSTRUCTIONS

*Cottonwood Environmental Law Center, Montana Rivers, and Gallatin Wildlife Association,*

*v.*

*Big Sky Water and Sewer District*

2:20-cv-00028-BU-BMM

# INSTRUCTION NO. 1

Before you begin your deliberations, elect one member of the jury as your presiding juror.  The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

## INSTRUCTION NO. 2

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.  Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial.  Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses, or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court.  Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process.  If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete, or misleading information that has not been tested by the trial process.  Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in

court, you will have denied the parties a fair trial.  Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings.  If any juror is exposed to any outside information, please notify the court immediately.

## INSTRUCTION NO. 3

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you.  No member of the jury should ever attempt to communicate with me except by a signed writing.  I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

## INSTRUCTION NO. 4

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

# INSTRUCTION NO. 5

In this case, the Plaintiffs claim that the District violated the Federal Clean Water Act by discharging pollutants into the West Fork of the Gallatin River without a Federal Clean Water Act permit.  In order to prove the District violated the Federal Clean Water Act, the Plaintiffs must prove the District is a "person" and that the District:

    (1)    discharged (i.e., added)

    (2)    a pollutant

    (3)    to navigable waters

    (4)    from a point source.

The Plaintiffs must prove each of these elements.  Their Federal Clean Water Act claim fails if any element is not established by stipulation or proved at trial by a preponderance of the evidence.  I will explain each element in the following instructions.

## INSTRUCTION NO. 6

The parties have stipulated that the District is a "person" under the Federal Clean Water Act.

## INSTRUCTION NO. 7

The Federal Clean Water Act defines the "discharge of a pollutant" as the "addition" of a pollutant to navigable waters.

## INSTRUCTION NO. 8

The Federal Clean Water Act defines "pollutant" as any of the following:

> [D]redged spoil, solid waste, incinerator residue, sewage, garbage, sewage sludge, munitions, chemical wastes, biological materials, radioactive materials, heat, wrecked or discarded equipment, rock, sand, cellar dirt and industrial, municipal, and agricultural waste discharged into water.

The Court has ruled that the District's treated sewage and the nitrogen in that treated sewage constitute a pollutant under the Clean Water Act.

## INSTRUCTION NO. 9

The parties have stipulated that the West Fork of the Gallatin River is a "navigable water."

## INSTRUCTION NO. 10

The Federal Clean Water Act defines a "point source" as a "discernible, confined and discrete conveyance."  Because a conveyance transports something, the term "point source" refers to things that transport pollutants.  The statute lists many examples of point sources, including pipes, ditches, channels, tunnels, conduits, wells, discrete fissures, containers, rolling stocks, concentrated animal feeding operations, and vessels or other floating crafts.

The Court has ruled that the District's storage ponds are a point source if they leak a pollutant.

## INSTRUCTION NO. 11

Discharges may reach a navigable water "from" a point source either directly or indirectly.

Typically, permits are required for direct discharges.  For example, a person would need a permit to release pollution from a pipe directly into the ocean.  The Court has ruled there is no direct discharge in this case.

This case is about indirect discharges.  Indirect discharges require a permit if they are the "functional equivalent of a direct discharge from the point source." You will apply a special test, which I will read next, to determine whether there is the functional equivalent of a direct discharge from a point source in this case.

## INSTRUCTION NO. 12

You must determine whether the Plaintiffs have proved that leakage from the District's storage ponds is the "functional equivalent of a direct discharge" of a pollutant to the West Fork of the Gallatin River ("West Fork"). If you determine that Plaintiffs have proved that leakage from the District's storage ponds is the "functional equivalent of a direct discharge" of a pollutant to the West Fork, the District has violated the Clean Water Act.

To determine whether the Plaintiffs have proved that there is the functional equivalent of a direct discharge in this case, you should consider how similar or different the leakage from the District's ponds is to a direct discharge. The following factors will help you decide this:

(1)    The time it takes the pollutant to reach the West Fork (if ever)

(2)    The distance the pollutant must travel to reach the West Fork

(3)    The nature of the material through which the pollutant travels

(4)    The extent to which the pollutant is diluted or chemically changed as it travels

(5)    The amount of pollutant entering the West Fork relative to the amount of the pollutant at the source

(6)     The manner by or area in which the pollutant enters the West Fork

(7)     The degree to which the pollution has maintained its specific identity

        where it enters the West Fork

(8)     The total amount of pollutant that reaches the West Fork

(9)     The design and condition of the facility from which the pollutant

        originates

(10)    Whether sources of pollutant other than the storage ponds account for

        some or all of the pollutant observed in the West Fork

## INSTRUCTION NO. 13

The District may not be held liable for any violations of the Federal Clean

Water Act alleged by the Plaintiffs that occurred before May 11, 2015.