

Jacqueline R. Papez
Cynthia D. Brooks
DONEY CROWLEY P.C.
P.O. Box 1185
50 South Last Chance Gulch, 3rd Floor
Helena, MT 59601
Telephone: (406) 443-2211
Facsimile: (406) 449-8443
jpapez@doneylaw.com
cbrooks@doneylaw.com

Jonathan W. Rauchway (*Pro Hac Vice*)
Andrea M. Bronson (*Pro Hac Vice*)
DAVIS GRAHAM & STUBBS LLP
1550 17th Street, Suite 500
Denver, CO 80202
Telephone: (303) 892-9400
Facsimile: (303) 893-1379
jon.rauchway@dgslaw.com
andrea.bronson@dgslaw.com

*Counsel for Defendant Big Sky County
Water & Sewer District No. 363*

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF
MONTANA - BUTTE DIVISION

| | |
|---|---|
| COTTONWOOD ENVIRONMENTAL LAW CENTER, et al., <br><br> *Plaintiffs,* <br><br> vs. <br><br> BIG SKY WATER AND SEWER DISTRICT and BOYNE RESORTS, <br><br> *Defendants.* | Case No. 2:20-cv-00028-BMM <br><br> **THE DISTRICT'S BENCH MEMORANDUM IN SUPPORT OF REQUEST FOR JURY INSTRUCTION REGARDING DEQ'S REGULATORY AUTHORITY AND POSITION** |

Defendant Big Sky County Water & Sewer District No. 363 (the "District") submits this bench memorandum in support of its request for a jury instruction regarding water quality regulation and permitting by the Montana Department of Environmental Quality ("DEQ"). The Court should give the District's Proposed Instruction No. 31 ("Instruction") or a similar instruction. *See* Doc. 129 at 9-10.

## LEGAL STANDARD

"[J]ury instructions must fairly and adequately cover the issues presented, must correctly state the law, and must not be misleading." *Clem v. Lomeli*, 566 F.3d 1177, 1181 (9th Cir. 2009) (quoting *Dang v. Cross*, 422 F.3d 800, 804 (9th Cir. 2005)). Each party is "entitled to an instruction about his or her theory of the case if it is supported by law and has foundation in the evidence." *Id.* (quoting *Dang*, 422 F.3d at 804-05). "A district court therefore commits error when it rejects proposed jury instructions that are properly supported by the law and the evidence." *Id.*

## ARGUMENT

**Legal Support.** The Ninth Circuit holds that state regulators' determinations on whether permits are required under the Clean Water Act, 33 U.S.C. § 1251 *et seq.* ("CWA"), "warrant[] consideration" when evaluating alleged CWA violations. *Ass'n to Protect Hammersley v. Taylor Res.*, 299 F.3d 1007, 1012-13 (9th Cir. 2002). Accordingly, district courts in this Circuit consistently conclude that regulators' determinations may be considered by the factfinder in CWA cases. *See, e.g., Pac. Coast Fed'n of Fishermen's Ass'ns v. Glaser*, No. CIV S-2:11-2980, 2013 U.S. Dist.

1

LEXIS 132240, at *15-17 (E.D. Cal. Sept. 16, 2013) ("[T]he Authority and the EPA have regulatory authority over the discharges at issue in this case and both entity's positions will be carefully considered and assigned weight according to their persuasiveness."); *Waste Action Project v. Draper Valley Holdings LLC*, 49 F. Supp. 3d 799, 813 (W.D. Wash. 2014) (concluding Washington Department of Ecology's determination "would not bind plaintiff or the fact finder in this litigation . . . [but] is evidence that weighs in favor of defendant"); *Waste Action Project v. Port of Olympia*, No. C17-5445, 2019 U.S. Dist. LEXIS 202208, at *26-27 (W.D. Wash. Nov. 21, 2019) (concluding agency's letter regarding defendant's compliance with permit requirements "'warrants consideration,' but it is not dispositive of the issue").

The Supreme Court's decision in *County of Maui v. Hawaii Wildlife Fund*, 140 S. Ct. 1462, 1476 (2020) reinforces the importance of this evidence. In setting forth the multifactor functional equivalence test, the Supreme Court emphasized that the CWA regulates water quality "without undermining the States' longstanding regulatory authority over land and groundwater," *id.* at 1476—that is, it "preserves and promotes" "States' traditional regulatory authority," *id.* at 1471. Accordingly, the Court instructed that lower courts applying the *Maui* test "should not create serious risks . . . of undermining state regulation of groundwater." *Id.* at 1477.

The District's Proposed Instruction No. 31 is therefore supported by law.

**Evidentiary Support.** DEQ is the agency responsible for issuing CWA discharge permits in Montana. Plaintiffs claim the District needs such a permit, and the District denies that claim. Accordingly, the District will present evidence regarding DEQ's regulatory authority and position on permitting in this case. Specifically, the District's evidence will show:

(1) DEQ regulates storage ponds and allows them to leak up to six inches per year without a discharge permit;

(2) The District complies with DEQ's regulations; and

(3) DEQ does not believe the District needs a discharge permit of any kind for its Water Resource Recovery Facility ("WRRF").

Similarly, Plaintiffs will present evidence regarding DEQ's regulations by (1) examining a DEQ representative about the agency's leakage standard, and (2) presenting expert testimony that pond leakage exceeds that standard.

The District's Proposed Instruction No. 31 is therefore supported by evidence.

## CONCLUSION

Because it is supported by law and has a foundation in the evidence, the District requests that the Court instruct the jury regarding DEQ's regulatory authority and its position on permitting the discharge at issue in this case, as proposed in the District's supplemental Proposed Instruction No. 31.

DATED this 25th day of April, 2022.

/s/ Jacqueline R. Papez
Jacqueline R. Papez
Cynthia D. Brooks
DONEY CROWLEY P.C.


/s/ Jonathan W. Rauchway
Jonathan W. Rauchway
DAVIS GRAHAM & STUBBS LLP

*Attorneys for Defendant Big Sky County Water & Sewer District No. 363*

4

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of April, 2022, a true and correct copy of the foregoing **THE DISTRICT'S BENCH MEMORANDUM IN SUPPORT OF REQUEST FOR JURY INSTRUCTION REGARDING DEQ'S REGULATORY AUTHORITY AND POSITION** was filed and served via ECF on the following parties:

John Meyer
P.O. Box 412
Bozeman, MT 59771
(406)546-0149
john@cottonwoodlaw.org

*Counsel for Plaintiffs*

/s/ Jonathan W. Rauchway