John Meyer, MT Bar # 11206
Cottonwood Environmental Law Center
P.O. Box 412
Bozeman, MT 59771
(406) 546-0149
john@cottonwoodlaw.org

*Counsel for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MONTANA - BUTTE DIVISION

| | |
|---|---|
| COTTONWOOD ENVIRONMENTAL LAW CENTER; MONTANA RIVERS; and GALLATIN WILDLIFE ASSOCIATION, <br><br> *Plaintiffs,* <br> vs. <br><br> BIG SKY WATER AND SEWER DISTRICT, et al. <br><br> *Defendants.* | Case No. 2:20-cv-00028-BMM <br><br> **PLAINTIFFS' BRIEF IN SUPPORT OF MOTION FOR FRCP 54(b) JUDGMENT** |

Plaintiffs Cottonwood Environmental Law Center, Gallatin Wildlife Association, and Montana Rivers respectfully move the Court to enter final judgment pursuant to Fed. R. Civ. P. 54(b) certifying for immediate appeal the Court's orders granting summary judgment (Doc. 89 & 121), judgment (Doc. 157), and the order denying Plaintiffs' motion for a new trial (Doc. 198).

## ARGUMENT

Rule 54(b) permits courts to "direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Entry of judgment under Rule 54(b) thus requires: (1) a final judgment; and (2) a determination that there is no just reason for delay of its entry. *See Pakootas v. Teck Cominco Metals, Ltd.*, 905 F.3d 565, 574 (9th Cir. 2018), cert. denied, 100 S.Ct. 1460 (2019) (*citing Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7-8, 100 S. Ct. 1460 (1980)). Both requirements are met here.

1. <u>The Orders Are Final Judgments.</u>

In determining whether to certify an order under Rule 54(b), the district court must first determine whether the order is a final judgment. *See Curtiss-Wright*, 446 U.S. at 1, 7. "It must be a 'judgment' in the sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Id.* The requirement for entry of a Rule 54(b) judgment is met here. *See e.g.*, Doc. 157.

2. <u>There Is No Just Reason for Delay.</u>

A certification order under Rule 54(b) must next expressly determine that there is "no just reason for delay." *See* Fed. R. Civ. P. 54(b); *see also United States v. Gila Valley Irrigation Dist.*, 859 F.3d 789, 797 (9th Cir. 2017). "It is left to the sound judicial discretion of the district court to determine the 'appropriate time' when each final decision in a multiple claims action is ready for appeal. This discretion is to be exercised 'in the interest of sound judicial administration.'" *Wood v. GCC Bend, LLC*, 422 F.3d 873, 878 (9th Cir. 2005) (citation omitted). In making such determination the court should consider: (1) the interrelationship of the certified claims and the remaining claims in light of the policy against piecemeal review; and (2) equitable factors such as prejudice and delay. *See Curtiss-Wright*, 446 U.S. at 8-10; *Gregoiran v. Izvestia*, 871 F.2d 1515, 1518-20 (9th Cir. 1989); *see also Pakootas*, 905 F.3d at 576.

Under current Ninth Circuit law, the claims certified for judgment pursuant to Rule 54(b) do not have to be separate from and independent of the remaining claims for certification to be appropriate. *Sheehan v. Atlanta International Ins. Co.,* 812 F.2d 465, 468 (9th Cir. 1987) (citing *Alcan Aluminum Corp. v. Carlsberg Fin. Corp.,* 689 F.2d 815, 817 (1982)). The Ninth Circuit has upheld Rule 54(b) certifications where a judgment disposed of the case between the plaintiff and a defendant despite similar pending claims remaining against other defendants, so long as resolving the claims would "streamline the ensuing litigation." *See Noel v. Hall*, 568 F.3d 743, 747 (9th Cir. 2009) (citing *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 798 (9th Cir. 1991).

Certifying judgment here will streamline the litigation because the legal question of whether any pipe is a point source is dispositive of whether the remaining claims against Boyne should proceed under a direct or indirect discharge theory. Defendant Boyne's Meadow Village Golf Course also contains a pipe discharging nitrogen pollution into the West Fork of the Gallatin River. Doc. 76-3 at 21.

The equitable factors of delay and prejudice also favor certifying judgment. Requiring Plaintiffs to bring another case to trial before they appeal purely legal issues would be inequitable and will delay the inevitable appeal. The U.S. Supreme Court has warned the incorrect legal interpretation being challenged here "opens a loophole allowing easy evasion of the statutory provision's basic purposes." *County of Maui v. Hawaii Wildlife Fund*, __ U.S. at ___, 140 S. Ct. 1462, 1474 (2020).

## CONCLUSION

The Court should certify judgment to allow Plaintiffs to file an interlocutory appeal of the legal issues of whether a pipe is a point source and, if so, whether Defendant directly discharged a pollutant from a point source into waters of the United States in violation of the Clean Water Act.

## CERTIFICATE OF SERVICE

I certify that on September 23, 2022, I served the foregoing brief via CM/ECF on counsel for defendants listed below:

Jacqueline R. Papez
Cynthia D. Brooks
DONEY CROWLEY P.C.

3

P.O. Box 1185
50 South Last Chance Gulch, 3rd Floor
Helena, MT 59601
Telephone: (406) 443-2211
Facsimile: (406) 449-8443
jpapez@doneylaw.com
cbrooks@doneylaw.com

Jonathan W. Rauchway (Admitted Pro Hac Vice)
Mave Gasaway (Admitted Pro Hac Vice)
DAVIS GRAHAM & STUBBS LLP
1550 17th Street, Suite 500
Denver, CO 80202
Telephone: (303) 892-9400
Facsimile: (303) 893-1379
jon.rauchway@dgslaw.com
Mave.Gasaway@dgslaw.com

Ian McIntosh
Neil Westesen@crowleyfleck.com
CROWLEY FLECK PLLP
1915 South 19th Avenue
P.O. Box 10969
Bozeman, MT 59719-0969
Telephone: (406) 556-1430

*Counsel for Defendants*

                                                  /s/ John Meyer
                                                  JOHN MEYER

                                                  *Attorney for Plaintiffs*