Jacqueline R. Papez
Cynthia D. Brooks
DONEY CROWLEY P.C.
P.O. Box 1185
50 South Last Chance Gulch, 3rd Floor
Helena, MT 59601
Telephone: (406) 443-2211
Facsimile: (406) 449-8443
jpapez@doneylaw.com
cbrooks@doneylaw.com

Jonathan W. Rauchway (*Pro Hac Vice*)
Andrea M. Bronson (*Pro Hac Vice*)
DAVIS GRAHAM & STUBBS LLP
1550 17th Street, Suite 500
Denver, CO 80202
Telephone: (303) 892-9400
Facsimile: (303) 893-1379
jon.rauchway@dgslaw.com
andrea.bronson@dgslaw.com

*Counsel for Defendant Big Sky County Water & Sewer District No. 363*

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MONTANA - BUTTE DIVISION

| | |
|---|---|
| COTTONWOOD ENVIRONMENTAL LAW CENTER, et al.,<br><br>*Plaintiffs,*<br><br>vs.<br><br>BIG SKY WATER AND SEWER DISTRICT and BOYNE RESORTS,<br><br>*Defendants.* | Case No. 2:20-cv-00028-BMM<br><br>**THE DISTRICT'S BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION FOR FRCP 54(b) JUDGMENT** |

Defendant Big Sky County Water & Sewer District No. 363 (the "District") submits this brief in opposition to the Motion for FRCP 54(b) Judgment (the "Motion," Doc. 200) filed by Plaintiffs Cottonwood Environmental Law Center, Montana Rivers, and Gallatin Wildlife Association (collectively, "Plaintiffs").

## INTRODUCTION

The Ninth Circuit strongly disfavors certification of piecemeal appeals absent a compelling justification. Plaintiffs provide none. Instead, they argue that their claims against the District and Boyne USA, Inc. ("Boyne") raise a similar question of law and that it would be unfair to further litigate the claims without guidance from the Ninth Circuit. Plaintiffs have it exactly backwards. The interrelationship of their claims militates *against* certification, and they cannot invoke equitable principles to complain of delay caused by their own litigation decisions. The Court should deny the Motion.

## LEGAL STANDARD

Rule 54(b) "preserves the historic federal policy against piecemeal appeals." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980) (*quoting Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 438 (1956)). Judgments under the rule are "reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties." *Morrison-Knudsen Company, Inc. v. Archer*, 655 F.2d 962, 965 (9th

1

Cir. 1981). District courts should not grant Rule 54(b) motions "[a]bsent a seriously important reason." *Wood v. GCC Bend, LLC*, 422 F.3d 873, 883 (9th Cir. 2005); *see also Gausvik v. Perez*, 392 F.3d 1006, 1009 n.2 (9th Cir. 2004) ("Rule 54(b) should be used sparingly.").

## ARGUMENT

### I. The Court Has Entered Final Judgment with Respect to the District.

The Court entered judgment in favor of the District on May 9, 2022, reflecting the jury's unanimous verdict that the District is not liable for the Clean Water Act ("CWA") violations alleged by Plaintiffs. *See* Doc. 157. The District agrees that the judgment is final as to all claims against it. However, there is nothing unusual about that. Courts routinely dismiss claims against a single party in multi-party cases, whether on motions to dismiss, summary judgment, or otherwise. This posture is not deserving of Rule 54(b) certification in and of itself. *See Curtiss-Wright*, 446 U.S. at 8 ("Not all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims."). Rather, the Court must also determine whether "there is any just reason for delay." *See id.*

### II. Plaintiffs Fail to Demonstrate There Is No Just Reason for Delay.

In evaluating whether there is just reason for delay, courts "must take into account judicial administrative interests as well as the equities involved." *Curtiss-Wright*, 446 U.S. at 8. Plaintiffs fail to meaningfully analyze either factor or

2

articulate a "seriously important reason" why this case merits immediate appeal. *Wood*, 422 F.3d at 883. The Court should deny the Motion on this basis alone. In any case, judicial administrative interests and the equities weigh heavily against Rule 54(b) certification.

### A. Plaintiffs' Claims Against the District and Boyne Are Legally and Factually Intertwined.

Plaintiffs contend that "[c]ertifying judgment here will streamline the litigation because the legal question of whether any pipe is a point source is dispositive of whether the remaining claims against Boyne should proceed under a direct or indirect discharge theory." Pls.' Br. in Supp. of Mot. for FRCP 54(b) Judgment, Doc. 201 at 4. Plaintiffs misunderstand the judicial interests Rule 54(b) is designed to serve. Courts evaluate "the interrelationship of the claims so as to *prevent* piecemeal appeals in cases that should be reviewed only as single units." *Curtiss-Wright*, 446 U.S. at 10 (emphasis added). "[S]imilarity of legal or factual issues will weigh heavily against entry of judgment under the rule, and in such cases a Rule 54(b) order will be proper only where necessary to avoid a harsh and unjust result." *Morrison-Knudsen*, 655 F.2d at 965.

The interrelationship of Plaintiffs' claims against the District and Boyne is precisely the reason this Court should *not* certify judgment. Plaintiffs characterize the issue for appeal as the "purely legal" question of "whether any pipe is a point source," Doc. 201 at 4, but the issue is really whether a conveyance that transports

3

water within a hydraulically connected system constitutes a point-source addition of pollutants in violation of the CWA—a technical, mixed question of law and fact. With respect to the underdrain at the District's Water Resource Recovery Facility ("WRRF"), the Court analyzed the facts under controlling Supreme Court precedent and concluded that Plaintiffs "cannot argue a tenable direct discharge theory from the underdrain pipe." Doc. 121 at 6-11.

Plaintiffs' claim against Boyne suffers from a similar defect. Plaintiffs rest their Motion on this similarity, alleging "Boyne's Meadow Village Golf Course *also* contains a pipe discharging nitrogen pollution into the West Fork of the Gallatin River." *See* Doc. 201 at 4 (emphasis added); *see also id.* (citing portion of Thomas Aley's final report that refers to Chapel Spring, Doc. 76-3 at 21). To determine whether Plaintiffs can argue a direct-discharge theory on this basis, the Court will again have to analyze the hydrology, infrastructure, and other relevant facts. The Court's rulings on Plaintiffs' direct-discharge claims against each defendant thus epitomize rulings that should be reviewed as a "single unit[]." *Curtiss-Wright*, 446 U.S. at 10.

Plaintiffs' claims against the District and Boyne are also similar in other ways. For example, the Meadow Village golf course uses reclaimed water from the District's WRRF for irrigation. *See* Doc. 89 at 4. The golf course is near the WRRF, and the West Fork of the Gallatin River flows alongside both properties. *See id.* at

4-5. In fact, Plaintiffs maintained that the District was liable for the alleged CWA violations at the golf course that Plaintiffs now assert against Boyne—until the Court ruled otherwise on summary judgment. *See* Pls.' Preliminary Pretrial Statement, Doc. 14 at 3 (alleging the District "currently spray[s] the golf course directly across the street from the [District's] holding ponds"); Doc. 89 at 8-10 (concluding the District "is not the proper party for the alleged CWA violation regarding the Meadow Village golf course French drain system").

Plaintiffs now contend that immediate appeal would "streamline the litigation," Doc. 201 at 4, but the opposite is true. An appeal to the Ninth Circuit could take a year or more, and Plaintiffs imply they would seek a stay pending appeal. *See id.* ("Requiring Plaintiffs to bring another case to trial before they appeal purely legal issues would be inequitable."). In essence, Plaintiffs seek clarity from the Ninth Circuit regarding their claim against the District to hone their future litigation strategy for a similar claim against Boyne. Rule 54(b) ensures that the Ninth Circuit resolves such interrelated claims only after they are fully adjudicated. Plaintiffs fail to identify any "harsh and unjust result" that justifies deviating from this bedrock federal-court policy. *Morrison-Knudsen*, 655 F.2d at 965.

**B.     Plaintiffs Caused the Very Delay They Now Seek to Circumvent.**

Because judicial administrative interests weigh against a piecemeal appeal, the Court need not proceed to consider equitable factors, such as delay or prejudice.

*See Gregorian v. Izvestia*, 871 F.2d 1515, 1519 (9th Cir. 1989) (explaining that assessment of equitable concerns "is made only after the 'judicial concerns' of the first step are satisfied"). Regardless, the equities also weigh against Rule 54(b) certification.

Plaintiffs claim that "[r]equiring [them] to bring another case to trial before they appeal purely legal issues would be inequitable." Doc. 201 at 4. Plaintiffs complain about a situation of their own making. They amended their complaint to add Boyne as a defendant on February 23, 2022, *see* Doc. 111, after summary judgment briefing was complete and a mere two months before trial, *see* Doc. 107 (scheduling trial for April 25, 2022). It is not "inequitable" to require Plaintiffs to now observe the Federal Rules of Civil Procedure in their lawsuit bringing similar claims against two defendants. To the contrary, it would be inequitable to force Boyne to wait years to go to trial while Plaintiffs appeal claims against another party.

## **CONCLUSION**

For the foregoing reasons, the Court should deny Plaintiffs' Motion.

DATED this 7th day of October, 2022.

                                    */s/ Jacqueline R. Papez*
                                    Jacqueline R. Papez
                                    Cynthia D. Brooks
                                    DONEY CROWLEY P.C.

                                    */s/ Jonathan W. Rauchway*
                                    Jonathan W. Rauchway
                                    Andrea M. Bronson
                                    DAVIS GRAHAM & STUBBS LLP

                                    *Attorneys for Defendant,*
                                    *Big Sky County Water & Sewer*
                                    *District No. 363*

## CERTIFICATION OF COMPLIANCE

The undersigned certifies that the foregoing document complies with Local Rule 7.1(d)(2). The Brief contains 1,414 words, excluding the caption, certificate of compliance, and certificate of service. The undersigned relied on the word count of the word-processing system used to prepare the brief.

*/s/ Jonathan W. Rauchway*

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of October, 2022, a true and correct copy of the foregoing **THE DISTRICT'S BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION FOR FRCP 54(b) JUDGMENT** was filed and served via ECF on the following parties:

John Meyer
P.O. Box 412
Bozeman, MT 59771
(406)546-0149
john@cottonwoodlaw.org

Holly Seymour
2203 Greenough Ct W
Missoula, MT 59802
(406) 223-6837
holly.seymour7@gmail.com

*Counsel for Plaintiffs*


                                                        */s/ Jonathan W. Rauchway*