John Meyer, MT Bar # 11206
Cottonwood Environmental Law Center
P.O. Box 412
Bozeman, MT 59771
(406) 546-0149
john@cottonwoodlaw.org

*Counsel for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MONTANA - BUTTE DIVISION

| | |
|---|---|
| COTTONWOOD ENVIRONMENTAL LAW CENTER; MONTANA RIVERS; and GALLATIN WILDLIFE ASSOCIATION,<br><br>*Plaintiffs,*<br>vs.<br><br>BIG SKY WATER AND SEWER DISTRICT, et al.<br><br>*Defendants.* | Case No. 2:20-cv-00028-BMM<br><br>**PLAINTIFFS' REPLY BRIEF IN SUPPORT OF MOTION FOR FRCP 54(b) JUDGMENT** |

## ARGUMENT

The Court ruled that Defendant Big Sky Water & Sewer District's "underdrain pipe" is not a "point source." Doc. 121 at 10; Doc. 141 at 14. The Ninth Circuit has held that "any pipe, ditch, channel," is a "point source." *Olympic Forest Coal. v. Coast Sea Foods*, 884 F.3d 901, 906 (9th Cir. 2018) (quoting 33 U.S.C. § 1362(14)). Plaintiffs now request that the Court grant this motion and certify for appeal the legal question of whether the underdrain pipe is a point source.

Issues of equity favor certifying the appeal. The Sewer District is knowingly adding pollution to the West Fork of the Gallatin River by continuing to accept new sewer connections even though it has admitted its pond liners are torn. Doc. 173-1 at 208.[1] This practice will cease if the Ninth Circuit determines the underdrain pipe is a point source because the West Fork of the Gallatin River is water-quality impaired, a legal designation that prevents the Sewer District from obtaining a Clean Water Act permit. *E.g., Friends of Pinto Creek v. U.S. E.P.A.*, 504 F.3d 1007, 1011-1012 (9th Cir. 2007).[2]

Plaintiffs are three nonprofits that do not have the millions of dollars necessary for another trial.[3] The Sewer District contends "it would be inequitable to force

---

[1] Spanish Peaks Mountain Resort is currently replacing its torn sewage holding pond liner pursuant to a consent decree with plaintiffs. *Cottonwood Envtl. Law Ctr. v. Yellowstone Mountain Club, et al.*, 2:21-cv-93 (Doc. 60-1).

[2] The Sewer District would not have spent $1.8 million up until now if it could have applied for a $100 discharge permit.

[3] Plaintiffs will provide the Court with bank statements if requested.

1

Boyne to wait years to go to trial while Plaintiffs appeal claims against another party." Brf. at 6. Boyne was asked for its position on this motion, but never responded. It is unclear whether Boyne wants to spend million dollars on a trial this winter that might not be necessary.

The Court has not yet ruled on the issue of whether the Chapel Springs pipe on Boyne's Meadow Village Golf Course is a point source. Certifying an appeal will provide the Court with necessary guidance and save judicial resources that will be required for a four-day trial this winter.

## CONCLUSION

The Court should certify judgment to allow Plaintiffs to file an appeal of the legal issue of whether a pipe is a point source.

Respectfully submitted this 9th Day of October, 2022.

/s/ John Meyer
JOHN MEYER

## CERTIFICATE OF SERVICE

I certify that on October 9, 2022, I served the foregoing brief via CM/ECF on counsel for defendants listed below:

Jacqueline R. Papez
Cynthia D. Brooks
DONEY CROWLEY P.C.
P.O. Box 1185
50 South Last Chance Gulch, 3rd Floor
Helena, MT 59601
Telephone: (406) 443-2211
Facsimile: (406) 449-8443

2

jpapez@doneylaw.com
cbrooks@doneylaw.com

Jonathan W. Rauchway (Admitted Pro Hac Vice)
Mave Gasaway (Admitted Pro Hac Vice)
DAVIS GRAHAM & STUBBS LLP
1550 17th Street, Suite 500
Denver, CO 80202
Telephone: (303) 892-9400
Facsimile: (303) 893-1379
jon.rauchway@dgslaw.com
Mave.Gasaway@dgslaw.com

Ian McIntosh
Neil Westesen@crowleyfleck.com
CROWLEY FLECK PLLP
1915 South 19th Avenue
P.O. Box 10969
Bozeman, MT 59719-0969
Telephone: (406) 556-1430

*Counsel for Defendants*

                                                <u>/s/ John Meyer</u>
                                                JOHN MEYER

                                                *Attorney for Plaintiffs*