IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| COTTONWOOD ENVIRONMENTAL LAW CENTER, MONTANA RIVERS, and GALLATIN WILDLIFE ASSOCIATION,<br><br>Plaintiffs,<br><br>vs.<br><br>BIG SKY WATER AND SEWER DISTRICT, BOYNE USA, INC.,<br><br>Defendants. | 2:20-cv-00028-BU-BMM<br><br>**O**RDER |

Cottonwood Environmental Law Center, Montana Rivers, and Gallatin Wildlife Association ("Plaintiffs") brought this action against the Big Sky Water and Sewer District ("Big Sky District"). (Doc. 8.) Plaintiffs alleged that Big Sky District violated the Clean Water Act ("CWA") when it discharged pollutants into the West Fork of the Gallatin River without a National Pollutant Discharge Elimination System (NPDES) permit. (*Id.*) Plaintiffs claimed that Big Sky District's disposal of its treated wastewater through overirrigation of the Meadow Village Golf Course implicated the CWA. (Doc. 89 at 4-5, 8.)

Big Sky District argued at the summary judgment stage that it could not have

violated the CWA as to the golf course irrigation because Big Sky District does not own or operate the Meadow Village Golf Course. (Doc. 74 at 12-14.) The Court agreed. The Court granted Plaintiffs leave to amend their Complaint and include Boyne U.S.A. ("Boyne"), Meadow Village Gold Course's owner, as a party to the case. (Doc. 89 at 10.) Plaintiffs added Boyne as a defendant when they filed their Third Amended Complaint on February 23, 2022. (Doc. 111.)

The Court bifurcated the proceeding. (Doc. 118.) The Court conducted a jury trial in this matter in April 2022. (Doc. 132.) This trial only addressed Plaintiffs' claims against Big Sky District. (Doc. 118.) The jury entered a verdict in favor of Big Sky District. (Doc. 137.) Plaintiffs' claims against Boyne remain. (Doc. 111.)

Boyne now has filed a Motion to Dismiss Plaintiffs' Third Amended Complaint for lack of jurisdiction and failure to state a claim. (Doc. 148.) Boyne also argues that the party presentation principle bars Plaintiffs' claims against Boyne and that the plain language of the CWA exempts the irrigation flows at issue in Plaintiffs' Third Amended Complaint. (*Id.* at 5-6.) Big Sky District has joined in this Motion. (Doc. 151.)

## DISCUSSION

Defendants may seek dismissal of a complaint when a court lacks subject matter jurisdiction over the case and claims. Fed. R. Civ. P. 12(b)(1).

A CWA citizen suit plaintiff must notify a defendant and the relevant federal and state agencies of their intent to sue at least sixty days before filing suit. 33 U.S.C. § 1365(b)(1)(A). Notice regarding an alleged CWA violation shall include sufficient information to permit the recipient to identify the activity alleged to constitute a violation. 40 CFR § 135.3(a). "In practical terms, the notice must be sufficiently specific to inform the alleged violator about what it is doing wrong, so that it will know what corrective actions will avert a lawsuit." *Nat. Res. Def. Council v. Sw. Marine, Inc.*, 236 F.3d 985, 996 (9th Cir. 2000) (quoting *Atl. States Legal Found., Inc. v. Stroh Die Casting Co.*, 116 F.3d 814, 819 (7th Cir. 1997)).

**I. Plaintiffs failed to provide Boyne notice of the allegation in the Third Amended Complaint.**

The Court determines that Plaintiffs failed to provide Boyne sufficient notice of an alleged Clean Water Act violation. Plaintiffs' Third Amended Complaint against Boyne accordingly must be dismissed. The Court does not reach the remaining questions that Boyne poses in its Motion to Dismiss.

The CWA requires plaintiffs to provide a 60-day notice to the alleged CWA violator stating the plaintiffs' intention to sue and sufficient information to allow the alleged violator to identify the activity that may constitute a violation. 40 C.F.R. § 135.3(a). Courts generally have taken a liberal interpretation of notice under the CWA. This Court previously has stated that "[p]roper notice need not perfectly describe the violation, but rather must adequately provide 'information that allow[s]

3

the defendant to identify and address the alleged violations, considering defendant's superior access to information about its own activities.'" *Cottonwood Envt'l. Law Center v. Edwards*, 2021 WL 1102405 at *4 (D. Mont. March 23, 2021) (quoting *Puget Soundkeeper Alliance v. Cruise Terminals of America*, 216 F. Supp. 3d 1198, 1210 n.7 (W.D. Wash. 2015); *Klamath Siskiyou Wildlands Center v. MacWhorter*, 797 F.3d 645, 651 (9th Cir. 2015)).

Boyne argues that the Notice it received from Plaintiffs did not sufficiently specify the violations Plaintiffs have now alleged in their Third Amended Complaint. (Doc. 149 at 11.) Plaintiffs claimed in their Notice Letter that Boyne's over-irrigation of its golf course violates the CWA. (Doc. 149 at 12.) Plaintiffs specifically asserted that nitrogen pollution directly discharges from the golf course into the West Fork of the Gallatin River through several French drains and an underdrain pipe. (Doc. 149-3 at 3.) The Notice Letter only claims that specific drains and the underdrain pipe act as point sources or functional equivalents that directly discharge into the West Fork. (*Id.*)

Plaintiffs expand beyond this argument in their Third Amended Complaint. (Doc. 111 at 2.) Plaintiffs now also argue that indirect discharge of pollutants into the West Fork of the Gallatin River cause Boyne's CWA violation. (*Id.* at 2.) Plaintiffs' Third Amended Complaint does not specifically identify any of these indirect discharges. (*Id.*)

4

Boyne references *ONRC Action v. Columbia Plywood, Inc.*, 286 F.3d 1137, 1143 (9th Cir. 2002), to support the dismissal of Plaintiffs' claim. (Doc. 149 at 10.) *Columbia Plywood* involved a citizen suit in which the plaintiff notified the defendant of a forthcoming lawsuit citing a potential violation of the CWA, but then alleged novel violations in the complaint. *Id.* The Ninth Circuit dismissed the violations stated in the plaintiff's complaint because the plaintiff had failed to provide notice that would allow the violator to address the potential novel violations. *Id.* Plaintiffs' Third Amended Complaint presents a similar issue. Plaintiffs' Third Amended Complaint alleges that Boyne violates the CWA by indirectly discharging pollutants into the West Fork of the Gallatin River. (Doc. 111 at 2.) Plaintiffs failed to identify any alleged indirect discharges of pollution in their Notice to Boyne.

The Court shall dismiss Plaintiffs' claim against Boyne for lack of proper notice. Plaintiffs' Notice provided only that several specific drains and an underdrain pipe directly discharged nitrogen pollution into the West Fork of the Gallatin River. (Doc. 149-3.) Plaintiffs failed to identify any indirect discharges of pollution. Plaintiffs did not cite any potential pollution sources outside the specifically named point source drains and pipe or functional equivalents. (*Id.* at 4-11.) Plaintiffs have failed to meet the CWA requirement that defendants receive notice of the "activity alleged to constitute a violation." 40 C.F.R. § 135.3(a).

Having determined that Plaintiffs failed to provide adequate notice, the Court need not address whether Plaintiffs' Third Amended Complaint contained sufficient particularity to satisfy pleading standards or Boyne's party presentation principle argument.

## ORDER

Accordingly, **IT IS ORDERED** that:

- Boyne's Motion to Dismiss Plaintiffs' Third Amended Complaint (Doc. 148) is **GRANTED**.

Dated the 3rd day of November, 2022.

_____
Brian Morris, Chief District Judge
United States District Court