John Meyer, MT Bar # 11206
Cottonwood Environmental Law Center
P.O. Box 412
Bozeman, MT 59771
(406) 546-0149
john@cottonwoodlaw.org

*Counsel for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| COTTONWOOD ENVIRONMENTAL LAW CENTER; MONTANA RIVERS; and GALLATIN WILDLIFE ASSOCIATION, <br><br> *Plaintiffs,* <br> vs. <br><br> BIG SKY WATER AND SEWER DISTRICT; and BOYNE USA, Inc., <br><br> *Defendants.* | Case No. 2:20-cv-00028-BMM <br><br> **PLAINTIFFS' BRIEF IN SUPPORT OF MOTION TO AMEND THE COMPLAINT** |

## INTRODUCTION

Plaintiffs Cottonwood Environmental Law Center, Montana Rivers, and Gallatin Wildlife Association ("Plaintiffs") respectfully move the Court for leave to file an amended complaint that addresses the reason the complaint was dismissed. Doc. 204. The motion should be granted because amendment would not be futile, cause prejudice to the Defendants, is not sought in bad faith, and would not create undue delay.

## FACTUAL BACKGROUND

Plaintiffs brought this action against the Big Sky Water and Sewer District ("Big Sky District") Doc. 8. Plaintiffs alleged that Big Sky District violated the Clean Water Act ("CWA") when it discharged pollutants into the West Fork of the Gallatin River without a National Pollutant Discharge Elimination System (NPDES) permit. (*Id.*) Plaintiffs claimed that Big Sky District's disposal of its treated wastewater through overirrigation of the Meadow Village Golf Course implicated the CWA. Doc. 89 at 4-5, 8.

Big Sky District argued at the summary judgment stage that it could not have violated the CWA as to the golf course irrigation because Big Sky District does not own or operate the Meadow Village Golf Course. Doc. 74 at 12-14. The Court agreed. The Court granted Plaintiffs leave to amend their Complaint and include Boyne U.S.A. ("Boyne"), Meadow Village Gold Course's owner, as a party to the case. Doc.

89 at 10. Plaintiffs added Boyne as a defendant when they filed their Third Amended Complaint on February 23, 2022. Doc. 111. The Court then granted Boyne's Motion to Dismiss Plaintiffs' Third Amended Complaint. Doc. 204.

## STANDARD OF REVIEW

Courts should freely give leave to file an amended complaint when justice so requires. Fed. R. Civ. P. 15(a). Rule 15 embodies a liberal policy in favor of granting a party leave to amend, and leave "should be granted unless amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." *United States v. Gila Valley Irrigation District*, 859 F.3d 789, 804 (9th Cir. 2017); *see also Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) (stating "this policy is to be applied with extreme liberality.")

"In practical terms, the notice must be sufficiently specific to inform the alleged violator about what it is doing wrong, so that it will know what corrective actions will avert a lawsuit." *Nat. Res. Def. Council v. Sw. Marine, Inc.*, 236 F.3d 985, 996 (9th Cir. 2000) (citation omitted).

## ARGUMENT

This motion should be granted because an amendment would not prejudice Defendant Boyne, is not sought in bad faith, is not futile, and does not create undue delay. *See King v. LSF9 Master Participation Trust*, 2018 WL 3054689 at * 2 (D. Mont. June 20, 2018). Additionally, the court should allow leave to amend a complaint

because a responsive pleading has not been filed. *Kinsley by Kinsley v. Beaumont Unified School Dist.*, 21 F.3d 1114 (9th Cir. 1994).

I.  Amendment Would Not Be Futile.

The Order dismissing the complaint states "Plaintiffs failed to identify any alleged indirect discharges of pollution in their Notice to Boyne." (Doc. 204 at 5). Plaintiffs agree the 60 Day Notice of Intent to Sue does not use the phrase "indirect discharge." Doc. 149. Plaintiffs request that the Court grant leave to amend the complaint to remove the words "indirect discharge." Allowing amendment to remove "indirect discharge" would not be futile because '[p]roper notice need not perfectly describe the violation, but rather must adequately provide 'information that allow[s] the defendant to identify and address the alleged violations, considering defendant's superior access to information about its own activities." *Cottonwood Envt'l Law Center v. Edwards*, 2011 WL 1102405 at *4 (D. Mont. March 23, 2021) (collecting cases).

The 60 Day Notice alleges:

> Boyne is violating the Clean Water Act by over irrigating the Meadow Village golf course. Boyne's irrigation practices exceed the agronomic uptake rate of the grass, which leads to nitrogen pollution reaching groundwater and then being discharged to the West Fork of the Gallatin River through several French drains as well as the underdrain pipe below the Water and Sewer District's holding ponds.
>
> Boyne and the District violated the Clean Water Act by failing to control the volume of treated effluent applied to the Golf Course, which caused the agronomic uptake rate to be exceeded and nitrogen to reach the groundwater and ultimately the West Fork.

3

> Boyne's irrigation practices amount to a "functional equivalent" of a direct discharge to the West Fork.

Doc. 149-3 at 3; 4; 5 (citations omitted). The Notice then provided ten pages of facts detailing how and where on the golf course over irrigation is causing indirect discharges to the West Fork. Doc. 149-3 at 5-15. The Notice uses the indirect discharge criteria adopted by the Supreme Court in *Maui*. *Id*. Allowing the Plaintiffs to file an amended complaint that does not use the phrase "indirect discharge" would not be futile or violate the Clean Water Act regulation that requires a plaintiff to notify the polluter of the activity that is causing the violation. *Cottonwood Envt'l Law Center*, 2011 WL 1102405 at *4.

The dismissal Order states, "[p]laintiffs did not cite any potential pollution sources outside the specifically named point source drains and pipe or functional equivalents." Doc. 204 at 5. Plaintiffs request that the Court rule on the issue of whether Plaintiffs adequately noticed the golf course drain pipes as point sources. Doc. 149-3 at 6-7. The Notice alerts Boyne a Technical Memorandum has described the Chapel Springs drain pipe as a "known point source." Doc. 149-3 at 4 citing Doc. 48-9.

II. <u>Amendment Would Not Cause Undue Delay.</u>

Granting this motion will not prejudice Big Sky District because Plaintiffs have moved the Court to certify an interlocutory appeal. Doc. 200. Big Sky District has not been enjoined and continues to connect new sewers to its leaking holding ponds.

Plaintiffs provided Boyne with a fifteen page notice that details how over irrigation of the golf course is causing indirect discharges. Doc. 149-3.

III.     <u>Amendment Would Not Cause Prejudice.</u>

Allowing Plaintiffs to amend the complaint would not cause prejudice to the Defendants. Plaintiffs Notice alerted Boyne it needs to stop over irrigating its golf course if it wants to come into compliance with the Clean Water Act. Allowing plaintiffs to remove the phrase "indirect discharge" will not prejudice Boyne.

IV.     <u>Amendment is Not Sought In Bad Faith.</u>

Amendment is not sought in bad faith.

## CONCLUSION

For the foregoing reasons, the Court should grant plaintiffs motion to file an amended complaint that removes the term "indirect discharge," but details the activity alleged in the notice causing the Clean Water Act violation—over irrigation of the golf course, which causes pollution to reach the ground water and be discharged from identified point source drains and the underdrain pipe.

Respectfully submitted this 11th day of November, 2022.

<u>/s/ John Meyer</u>
JOHN MEYER

*Attorney for Plaintiff*

# CERTIFICATE OF SERVICE

I certify that on November 11, 2022, I served the foregoing brief via CM/ECF on counsel for defendants listed below:

Ian McIntosh
Neil Westesen
CROWLEY FLECK, PLLP
1915 South 19th Avenue
P.O. Box 10969
Bozeman, MT 59719
Telephone: (406) 556-1430
imcintosh@crowleyfleck.com
nwestesen@crowleyfleck.com

*Attorneys for Defendant Boyne USA, Inc.*

Jacqueline R. Papez
Cynthia D. Brooks
DONEY CROWLEY P.C.
P.O. Box 1185
50 South Last Chance Gulch, 3rd Floor
Helena, MT 59601
Telephone: (406) 443-2211
Facsimile: (406) 449-8443
jpapez@doneylaw.com
cbrooks@doneylaw.com

Jonathan W. Rauchway (Admitted Pro Hac Vice)
Mave Gasaway (Admitted Pro Hac Vice)
Andrea Bronson (Admitted Pro Hac Vice)
DAVIS GRAHAM & STUBBS LLP
1550 17th Street, Suite 500
Denver, CO 80202
Telephone: (303) 892-9400
Facsimile: (303) 893-1379
jon.rauchway@dgslaw.com
Mave.Gasaway@dgslaw.com

*Attorneys for Defendant Big Sky Water & Sewer District*

/s/ John Meyer
JOHN MEYER

*Attorney for Plaintiffs*