John Meyer, MT Bar # 11206
Cottonwood Environmental Law Center
P.O. Box 412
Bozeman, MT 59771
(406) 546-0149
john@cottonwoodlaw.org
*Counsel for Plaintiffs*

David A. Bricklin, WSBA No. 7583
Zachary K. Griefen, WSBA No. 48608
Bricklin & Newman, LLP
123 NW 36th Street, Suite 205
Seattle, WA  98107
(206) 264-8600
bricklin@bnd-law.com
griefen@bnd-law.com
*Counsel for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| COTTONWOOD ENVIRONMENTAL LAW CENTER; MONTANA RIVERS; and GALLATIN WILDLIFE ASSOCIATION,<br><br>*Plaintiffs,*<br><br>vs.<br><br>BIG SKY WATER AND SEWER DISTRICT; BOYNE RESORTS,<br><br>*Defendants.* | Case No. 2:20-cv-00028-BMM<br><br>PLAINTIFFS' MEMORANDUM IN SUPPORT OF UNOPPOSED MOTION FOR STATUS CONFERENCE |

Plaintiffs Cottonwood Environmental Law Center, Montana Rivers, and Gallatin Wildlife Association filed suit against Big Sky County Water & Sewer District No. 363 and Boyne USA, Inc., for their alleged discharge of treated wastewater into the West Fork of the Gallatin River without a National Pollution Discharge Elimination System permit. The district provides water and wastewater services for a resort community at Big Sky, Montana. The district treats and stores wastewater that is then used for irrigation on nearby properties in Big Sky, including a golf course owned by Boyne. The claims against the district were dismissed—some on summary judgment and others as the result of a jury verdict in favor of the district. The Ninth Circuit upheld those rulings on appeal in a decision issued on November 21, 2023, ECF 215, followed by a mandate issued on January 18, 2024, ECF 218. The Supreme Court has granted Cottonwood's application for extension to file a petition for certiorari. ECF 225.

The claims against Boyne remain to be litigated. They were dismissed by the district court on grounds that the plaintiff had failed to provide adequate pre-filing notice of the claim as required by the Clean Water Act, ECF 204, but the Ninth Circuit reversed that ruling and remanded for further proceedings, ECF 215; ECF 218.

No action has occurred in this district court litigation since the remand, other than the filing of an answer by Boyne, ECF 221, and pro hac vice admission of additional counsel, ECF 224.

PLAINTIFFS' MEMORANDUM IN SUPPORT OF
UNOPPOSED MOTION FOR STATUS CONFERENCE  2

Plaintiffs believe a status conference should be held to set the course for litigating the claims against Boyne. The parties have conferred. Boyne has no objection to this request for a status conference.

Therefore, plaintiffs request that the Court set a date for a status conference. (The parties have conferred but have not reached agreement on plaintiffs' suggestion that the Court should require the parties to meet and confer in advance of the status conference regarding various discovery, disclosure and other matters as contemplated by Fed.R.Civ.P 26(f) and Local Rule 26.1.)

Dated this 29th day of April, 2024.

Respectfully submitted,

COTTONWOOD ENVIRONMENTAL LAW CENTER

By:   *s/John Meyer*
      JOHN MEYER, MT Bar # 11206
      Cottonwood Environmental Law Center
      P.O. Box 412 Bozeman, MT 59771
      (406) 546-0149
      john@cottonwoodlaw.org
      Counsel for Plaintiffs

BRICKLIN & NEWMAN, LLP
By:   *s/David A. Bricklin*
      David A. Bricklin, WSBA No. 7583
      Zachary K. Griefen, WSBA No. 48608
      123 NW 36th Street, Suite 205
      Seattle, WA  98107
      bricklin@bnd-law.com
      griefen@bnd-law.com
      Attorneys for Plaintiffs

CERTIFICATION OF COMPLIANCE

The undersigned certifies that the foregoing document complies with Local Rule 7.1(d)(2). The Brief contains 340 words, excluding the caption, certificate of compliance, and certificate of service. The undersigned relied on the word count of the word-processing system used to prepare the document.

*s/David A. Bricklin*