# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BUTTE DIVISION

| | |
|---|---|
| COTTONWOOD ENVIRONMENTAL LAW CENTER, | **CV-20-28-BU-BMM** |
| Plaintiff, | |
| v. | **ORDER** |
| BIG SKY WATER AND SEWER DISTRICT; BOYNE USA, INC., | |
| Defendants. | |

Defendant Boyne USA, Inc. ("Boyne") has filed three motions to exclude Cottonwood Environmental Law Center's ("Cottonwood") untimely expert opinions. (Docs. 252, 270, and 285.) The Court held a hearing on the motion on August 28, 2025. (Doc. 291.) The Court denies the three motions.

## BACKGROUND

Cottonwood filed suit against Big Sky Water and Sewer District No. 363, alleging pollution of the Gallatin River in violation of the Clean Water Act on July 10, 2020. (Doc. 1.) The Court granted Cottonwood leave to amend its complaint to add Boyne as a party on December 17, 2021. (Doc. 89 at 8–10.) After Cottonwood

1

filed its amendment, the Court divided the action to address Cottonwood's claims against each party separately. (Doc. 118.)

The Court initially entered a scheduling order in this case on October 28, 2020. (Doc. 17.) The Court issued a new scheduling order on May 8, 2024, that reset the disclosure and trial dates for Cottonwood's claims against Boyne. (Doc. 234.) Pursuant to that order, the parties were to disclose liability and damage experts with Rule 26(a)(2) reports on or before October 15, 2024. (*Id*. at 1–2.) The scheduling order also required all parties to disclose rebuttal experts and reports by December 15, 2024. (*Id*. at 2.) Discovery closed on March 31, 2025. (*Id*.) The scheduling order advised that "[i]nitial reports or depositions of experts determined to be inaccurate, or incomplete shall be corrected or completed by supplemental disclosure no later than 90 days before trial." (*Id*. at ¶ 9.)

Dr. Glibert submitted an initial expert report on October 14, 2024, and a rebuttal report on December 16, 2024. These reports contain Dr. Glibert's opinions regarding the potential source of nitrogen pollution in the West Fork region of the Gallatin River. (Doc. 253, Exhibit 3 at 6 and Exhibit 4 at 2). The reports do not mention chloride as a tracer of pollution. (*Id*.) Dr. Glibert first provided an opinion regarding the chloride concentration of the water in the region in her deposition on March 14, 2025. (Glibert Dep. at 79:16–23 and 85:1–20). Cottonwood later disclosed a third technical report from Dr. Glibert on May 8, 2025. (Doc. 253,

Exhibit 2.) The technical report uses chloride datasets gathered from the Gallatin Local Water Quality District. (Doc. 253, Exhibit 2 at 2.) Dr. Glibert asserts in the technical report that "[c]hloride . . . is a useful tracer of reclaimed wastewater." (*Id*.) Boyne promptly filed its motion to exclude Dr. Glibert's supplemental report on May 19, 2025. (Doc. 252.) Cottonwood filed its response on June 2, 2025. (Doc. 256.) The Court did not conduct a hearing on the motion until August 28, 2025. (Doc. 291.)

Cottonwood later disclosed to Boyne's counsel through email, on July 22, 2025, that its expert, Barry Dutton, may refer in his trial testimony to a 2006 EPA Process Design Manual on Land Treatment of Municipal Wastewater Effluents ("2006 EPA report"). (Doc. 271, Exhibit 1.) Cottonwood requested a visit to inspect Boyne's golf course on February 27, 2025, for more testing and investigations. (Doc. 286 at 2.) Boyne initially refused to allow Cottonwood to visit the site. (*Id*.) Boyne later agreed to allow Cottonwood a "one day, no sampling site visit." (*Id*.) The parties agreed upon terms for this site visit that were set forth in the Site Access Agreement. (Doc. 289, Exhibit 1.) Cottonwood and Boyne agreed to exchange copies of photographs and reports generated from the site visit in the Site Access Agreement by a deadline of August 20, 2025. (*Id*.)

Cottonwood's experts, Trevor Osorno and Dutton were present at the site visit conducted on August 13, 2025. (Doc. 289 at 2.) Both Osorno and Dutton prepared

reports based on the site visit. Cottonwood produced Osorno's and Dutton's expert reports to Boyne on the Site Access Agreement deadline of August 20, 2025. (Doc. 285 at 2.) Osorno's and Dutton's new reports include information related to the positioning of lysimeters on the golf course. Osorno and Dutton seek to testify at trial regarding the positioning of the lysimeters.

## LEGAL STANDARD

Rule 26(a)(2)(A) of the Federal Rules of Civil Procedure requires a party to disclose the identity of any witness that the party plans to use at trial to present expert testimony. The expert disclosure "must be accompanied by a written report" that contains "a complete statement of all opinions the witness will express." Fed. R. Civ. P. 26(a)(2)(B). Parties must make disclosures "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D).

Parties must supplement or correct their disclosures "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A). Parties must disclose "any additions or changes to this information" before "pretrial disclosures under Rule 26(a)(3) are due." *Id*. Pursuant to Rule 26(a)(3), parties must disclose "at least 30 days before trial" unless otherwise ordered by the court.

4

"Rule 37(c)(1) gives teeth to these requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). Rule 37(c)(1) also authorizes the Court to impose other appropriate sanctions such as the payment of reasonable expenses "[i]n addition to or instead of" excluding the evidence. Fed. R. Civ. P. 37(c)(1); *see also Plentyhawk v. Sheikh*, CV 14-44-BLG-SPW, 2016 U.S. Dist. LEXIS 70815, at *11 (D. Mont. May 31, 2016).

## DISCUSSION

Boyne asks the Court to exclude all expert reports and opinions disclosed after the discovery deadline. (Docs. 252, 270, and 285.) Specifically, Boyne seeks to exclude the technical report created by Dr. Glibert, the testimony of Barry Dutton referencing the 2006 EPA report, and the expert site visit reports created by Trevor Osorno and Barry Dutton. (Docs. 252, 270, and 285.) Boyne has requested that the Court exclude Cottonwood's expert reports and Dutton's testimony as a sanction for Cottonwood's untimely disclosure.

"The party facing sanctions bears the burden of proving that its failure to disclose the required information was substantially justified or is harmless." *R & R Sails, Inc. v. Ins. Co. of the Pa.*, 673 F.3d 1240, 1246 (9th Cir. 2012) (citing *Torres v.City of L.A.*, 548 F.3d 1197, 1213 (9th Cir. 2008)). The Court employs "a five-

factor test to determine whether a sanction proves appropriate: 1) the public's interest in expeditious resolution of litigation; 2) the court's need to manage its docket; 3) the risk of prejudice to the defendants; 4) the public policy favoring disposition of cases on their merits; 5) the availability of less drastic sanctions." *Wendt v. Host Int'l, Inc.*, 125 F.3d 806, 814 (9th Cir. 1997).

## I.    Boyne's Motion to Exclude the Technical Report of Dr. Glibert

Boyne argues that Cottonwood's technical report by Dr. Glibert proves untimely and is not based on the discovery of new information. (Doc. 253 at 2.) Cottonwood responds that the technical report proves timely because the report supplements Dr. Glibert's previous deposition testimony, it was disclosed 90 days before the newly reset trial date, and it rebuts a main defense of Boyne. (Doc. 256 at 7.) The Court addresses each issue in turn.

Cottonwood failed to timely produce Dr. Glibert's technical report pursuant to the Court's scheduling order. Rule 26(e)(1) requires supplemental opinions in three instances: "(1) upon court order; (2) when the party learns that the earlier information is inaccurate or incomplete; or (3) when answers to discovery requests are inaccurate or incomplete." *Keener v. United States*, 181 F.R.D. 639, 640 (D. Mont. 1998). Cottonwood does not allege that its initial disclosures or its answers to discovery requests were inaccurate or incomplete. Cottonwood instead admits

that Dr. Glibert's technical report offers "new opinions" to combat a "defense raised by Boyne." (Doc. 256 at 7 and 10.)

Dr. Glibert's technical report provides a new theory on chloride's usefulness as a tracer for pollution in reclaimed wastewater. Dr. Glibert did not mention the chloride tracer theory in her previous disclosures. Dr. Glibert first raised this theory in her March 15, 2025, deposition. Cottonwood seeks to put forth a new theory of liability in a deposition on the cusp of the close of discovery without violating the Rules of Civil Procedure. Cottonwood contends that its intent in disclosing Dr. Glibert's latest report was "solely to contradict" evidence proffered by Boyne that another source caused the algae pollution in the Gallatin region. *See Keener*, 181 F.R.D. at 640. Dr. Glibert's report cannot be properly characterized as supplemental disclosure.

For Cottonwood's disclosure to be timely, it would have had to produce Dr. Glibert's report within the deadlines outlined in the scheduling order. The Court's scheduling order clearly instructed that the parties needed to submit expert and rebuttal reports no later than December 15, 2024. (Doc. 234.) The deadline has passed. Cottonwood failed to disclose Dr. Glibert's report until May 8, 2025. "A scheduling order 'is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.'" *Erickson v. Ford Motor Co.*, No.

2:04-cv-00088-RFC, 2007 WL 5527512 at *4 (D. Mont. Nov. 14, 2007). The Court determines Dr. Glibert's technical report to be untimely.

Cottonwood has failed to show a substantial justification for its delay in disclosing Dr. Glibert's technical report. The datasets used in the report are information that was available to Cottonwood through discovery and public information at the time of the initial disclosures. (Doc. 253, Exhibit 2 at 1 and 16.) The recorded dates of the data span the years of 2020 to 2024. Cottonwood's "[l]ack of diligence" in obtaining the datasets and creating its expert reports does not substantially justify its untimely disclosure. *See Theoharis v. Rongen*, No. C13-1345RAJ, 2014 U.S. Dist. LEXIS 98086, at *24 (W.D. Wash. July 18, 2014).

Cottonwood has offered to make Dr. Glibert available for deposition on her new analysis. The costs and burden to Boyne are harmful and should be borne by Cottonwood. Trial is set for November 17, 2025. The Court and the parties must act with alacrity in rectifying this late disclosure. Boyne must be provided adequate time to prepare rebuttal expert report against Dr. Glibert's new opinions.

The Court finds that the *Wendt* factors present a mixed view of excluding Dr. Glibert's opinion. The first and second factors remain unaffected in this case. The third factor applies to the late disclosure of Dr. Glibert's opinion. The Ninth Circuit in *Wanderer v. Johnston* found prejudice where the defendant's actions "constituted a clear interference with the plaintiffs' ability to prove the claims and

8

to obtain a decision in the case." 910 F.2d 652, 656 (9th Cir. 1990). The Ninth

Circuit noted that "[d]elay alone, without a focus on its effects" cannot justify a

sanction. *Id*.

Some form of sanctions appear to be justified because admitting Dr.

Glibert's opinion interferes with Boyne's ability to prove its defenses. Boyne has

prepared its arguments around Cottonwood's initial theories involving nitrogen

pollution in the Gallatin. Boyne brought forth an alternative explanation for the

nitrogen pollution through discovery. Cottonwood acknowledges that Dr. Glibert's

report serves as a "new report" to rebut Boyne's defense. (Doc. 256 at 7 & 10.)

Rule 26(e) does not "create a loophole through which a party . . . who

wishes to revise [its] disclosures in light of [its] opponent's challenges to the

analysis and conclusion therein, can add them to [its] advantage after the court's

deadline for doing so has passed." *Luke v. Family Care & Urgent Med. Clinics*,

323 F. App'x 496, 500 (9th Cir. 2009). Cottonwood cannot now bring forth new

and additional theories to its case under the guise of Rule 26 supplementation

without prejudicing Boyne. Cottonwood must bear the costs of rectifying this

prejudice.

The fourth factor weighs heavily in favor of exclusion of Dr. Glibert's

report. "Public policy favors disposition of cases on their merits, but that policy has

9

a procedural as well as a substantive component." *Keener v. United States*, 181

F.R.D. 639, 642 (D. Mont. 1998). Cottonwood has committed a procedural blunder

that the Court cannot ignore. Dr. Glibert had more than ample time to use the

datasets to conduct her analysis of the chloride concentration in the waters before

the deadlines for expert reports outlined in the Court's scheduling order. The data

did not provide any additional information beyond the years of 2020 to 2024. The

Court's scheduling order instructed parties to provide rebuttal reports no later than

December 16, 2024. More than 140 days passed between the rebuttal report

deadline and the disclosure of the technical report. These facts weigh in favor of

imposing some form of sanctions.

     The final factor also favors the imposition of some form of sanctions.

Cottonwood contends that reopening discovery in this matter proves a less drastic

alternative to exclusion. (Doc. 256 at 14.) The Court in *Keener* previously noted

the significance of adhering to a court scheduling order:

> The public and the parties have an interest in expeditious resolution of
> litigation. Requiring the parties to comply with the Rules of Civil
> Procedure and with the Court's scheduling order promotes achieving
> such goals by eliminating the need for continuances. Setting forth
> deadlines allows a court to manage its docket; defendant did not request
> an extension within which expert disclosure could be submitted.

*Keener*, 181 F.R.D. at 642. The Court finds *Keener's* reasoning instructive.

Cottonwood did not request any extension with the Court before submitting the

new expert disclosure by Dr. Glibert. The Court determines that some form of

sanctions are warranted to "eliminat[e] the need for continuances" and ensure

"expeditious resolution" of this matter. *Id.*

The Court denies Boyne's motion to exclude the technical report by Dr.

Glibert as too severe a sanction considering the circumstances and application of

the *Wendt* factors. The Court instead will allow Boyne to file a supplemental

expert report to address Dr. Glibert's late report. Boyne shall file its supplemental

expert report no later than October 3, 2025. Boyne will be allowed to reopen Dr.

Glibert's deposition for a period of no more than two hours to address issues raised

in Dr. Glibert's technical report of May 8, 2025, including the theory that

"[c]hloride . . . is a useful tracer of reclaimed wastewater." (Doc. 253, Exhibit 2 at

2.) The parties may conduct this deposition by Zoom or other remote means.

Cottonwood shall bear the reasonable costs of conducting this deposition. In turn,

Cottonwood shall be allowed to depose Boyne's expert in the event that Boyne

files a supplemental expert report. This deposition may be conducted by Zoom or

other remote means. Cottonwood once again must bear the reasonable costs related

to this deposition. The parties will complete these depositions no later than October

17, 2025.

## II.    Boyne's Motion to Exclude Testimony from Cottonwood's Expert Barry Dutton Concerning the 2006 EPA Report

11

Boyne argues that any opinion testimony of Cottonwood's expert Barry Dutton addressing the 2006 EPA report should be excluded as an untimely disclosure and a violation of Rule 26. (Doc. 271 at 3.) Boyne notes that Cottonwood made the disclosure approximately four months after the close of discovery and nearly seven months after the deadline set in the Court's scheduling order for the final expert disclosures. (*Id*. at 2.) Boyne also emphasizes that the disclosure, when it was finally made, proved insufficient because the email disclosure did not adequately disclose the proposed expert opinions intended to be offered with the new report as is required under Rule 26 and the Court's scheduling order. (*Id*. at 8 and Doc. 234.)

Boyne asserts any testimony by Dutton concerning the 2006 EPA report would not be considered supplemental under Rule 26(e) and is more accurately characterized as a bolstering of their previous partial expert witness disclosure. (Doc. 271 at 7.) Cottonwood contends that the disclosure should not be characterized as a supplemental report because the rules require no supplementation when a party merely identifies an additional supporting authority for previously disclosed expert opinions. (Doc. 227 at 9–10.) Cottonwood further asserts that even if a full supplemental report were proper, the late expert

12

disclosure in this case would not warrant exclusion because the prejudice is minimal and can be addressed. (*Id*. at 12.)

The first question the Court must address is whether the disclosure concerning the 2006 EPA report falls within the Rule 26(e)(1) section on supplemental information. Supplementation under Rule 26(e) "means correcting inaccuracies or filling the interstices of an incomplete report based on information that was not available at the time of the initial disclosure." *Keener,* 181 F.R.D. at 640. The 2006 EPA report should be considered a correction or addition to previous inaccuracies or gaps. The 2006 EPA report provides a citation to a previously unsupported claim made by Dutton in his rebuttal report and reiterated during his deposition, that the 1982 EPA irrigation formula was not relevant. (Doc. 277 at 10.)

The 2006 EPA report mirrors the earlier disclosures made by Dutton and introduces no new theory or argument as discussed in *Keener* and *Luke*. The court in *Keener* deemed the disclosure at issue not being supplemental to the original report. *Keener*, 181 F.R.D. at 640–41. Keener instead found the supplemental report to be rather different in nature because the conclusions and analysis offered varied "dramatic[ally]" from the disclosure the report was allegedly supplementing. *Id*. Similarly in *Luke v. Family Care and Urgent Medical Clinics*,

13

the Ninth Circuit determined that the disclosures were not supplemental when they

asserted a new theory of causation rather than a mere supplement to prior

disclosures. 323 F. App'x 496, 500 (9th Cir. 2009). Cottonwood's use of the 2006

EPA report does not represent an attempt to find a "loophole" and revise

disclosures to their advantage after "partial expert witness disclosures" were

challenged by the other party. *Id.*

Information disclosed in supplemental reports need not have been

undiscoverable at the time of the initial disclosure but simply be "information that

has not otherwise been made known to the parties" or was not otherwise available

at the time of initial disclosures. Fed. R. Civ. P. 26(e)(1)(A). It does not matter that

the 2006 EPA report has been publicly available, and thus potentially discoverable

to Cottonwood, for decades. It may have been a lack of due diligence on

Cottonwood's part to not find and disclose this 2006 EPA report to Dutton many

months ago. This shortcoming does not invalidate any references to the 2006 EPA

report under Rule 26(e)(1).

Rule 26(e)(1) states that information falling within its bounds, information

that supplements previous inaccuracies or incomplete disclosures, must be

provided in a supplemental report "if the additional or corrective information has

not otherwise been made known to the other parties during the discovery process

14

or in writing." Fed. R. Civ. P. 26(e)(1)(A). Cottonwood correctly asserts that its sharing of the 2006 EPA report in an email to Boyne's counsel on July 22, 2025, negates the need for a supplemental report. To hold otherwise would elevate form over substance rather than focusing on the purpose of Rule 26(e)(1) in avoiding "ambush" situations where a party provides significant new information out of compliance with discovery deadlines. *First Baptist Ferry Pass Inc. v. Western World Ins. Co.*, 681 F. Supp. 3d 1257, 1267 (N.D. Flo. 2023). The critical question regarding Rule 26(e)(1) is "whether the opposing party had meaningful notice to prepare its case." *V5 Techs. v. Switch, Ltd.*, 334 F.R.D. 615, 618 (D. Nev. 2020).

Boyne asserts that the disclosure by Cottonwood on July 22, 2025, of its intent to potentially cite the 2006 EPA report failed to "specify what Mr. Dutton's opinions about the document might be." (Doc. 227.) By making the information "otherwise known" on July 22, 2025, however, Cottonwood put Boyne on notice that Dutton could cite the 2006 EPA report in his expert testimony. Boyne had nearly four months at the time of Cottonwood's disclosure to respond, re-depose Mr. Dutton, and meaningfully prepare for trial. Boyne should not be caught unprepared, or 'ambushed' by his associated opinions on the 2006 EPA report.

The Court does not take lightly Cottonwood's lack of due diligence in finding and disclosing the 2006 EPA report. The greatest negative impact of this

failure will likely fall upon Cottonwood itself as it cannot develop new theories or arguments based on this report for trial. Further, in recognition of this late date, to the extent Boyne has remaining questions about how Dutton may address the 2006 EPA report at trial, the Court orders Cottonwood to make Dutton available to be re-deposed on the 2006 EPA report for a period of no more than 30 minutes. (Doc. 277 at 11.) The parties shall complete this deposition no later than October 17, 2025. The parties may conduct this deposition by Zoom or other electronic means. Cottonwood shall bear the reasonable costs associated with re-opening Dutton's deposition.

Further, the Court orders Cottonwood to pay for the reasonable costs that Boyne may incur in having its own experts review the 2006 EPA report and provide their own revised opinions. Cottonwood shall be allowed to depose Boyne's expert in the event that Boyne files a supplemental expert report. This deposition may be conducted by Zoom or other remote means. Cottonwood once again must bear the reasonable costs related to this deposition. The parties will complete these depositions no later than October 17, 2025. The Court otherwise will deny Boyne's motion to exclude the untimely expert opinion of Barry Dutton on the 2006 EPA report.

### III.    Boyne's Motion to Exclude the Reports and Expert Opinions of Trevor Osorno and Barry Dutton Concerning the August 13, 2025 Site Visit

Boyne seeks to exclude the reports and opinions of Trevor Osorno and Barry Dutton disclosed on August 20, 2025, as untimely under the Federal Rules of Civil Procedure 26 and the Court's scheduling order. (Doc. 285.) The deadline for disclosure of rebuttal expert witnesses and reports passed on December 15, 2025. (Doc. 234.) Discovery closed on March 31, 2025. (*Id.*)

Cottonwood filed Osorno's and Dutton's expert reports after the close of discovery and disclosure of expert report deadlines. Cottonwood and Boyne separately agreed, however, to exchange reports and photographs from the site visit conducted by Cottonwood in August of 2025 and Cottonwood timely disclosed its reports under the Site Access Agreement. The Court will defer to the parties' agreement that reports between Cottonwood and Boyne would be exchanged following the site visit in August 2025. Boyne, by agreeing to the exchange of reports after the close of discovery, had notice that the presence of Cottonwood's experts at the site visit may produce reports containing new information.

The Court finds that even absent the separate agreement between Cottonwood and Boyne, the untimely disclosures of Osorno's and Dutton's reports proves harmless. *See R & R Sails, Inc.*, 673 F.3d at 1246. Time remains before trial

17

for Boyne to develop arguments against the points asserted in the newly disclosed reports. Osorno and Dutton also remain available for deposition on the information contained in the reports.

The application of the above *Wendt* factors weighs against exclusion. Osorno and Dutton's reports regarding the site visit relate to information that is not material to Cottonwood's claims or a new theory of liability. The testimony regarding the placement of lysimeters and what was observed at the site visit will not prejudice Boyne. Boyne remains free to challenge both Osorno's and Dutton's testimony at trial through cross-examination and objection "so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context." *Zrowka v. BNSF Ry. Co.*, 2023 WL 3142465 at *1 (D. Mont. 2023). Less drastic sanctions beyond exclusion remain available.

The Court will deny Boyne's motion to exclude the reports and opinions of Osorno and Dutton regarding the site visit conducted on August 13, 2025. The Court will allow Boyne to file a supplemental report related to the site visit. Boyne shall file its supplemental report no later than October 3, 2025. Boyne will be allowed to reopen the depositions of Osorno and Dutton for a period of no more than thirty minutes each to address issues raised in the site visit report of August 20, 2025. The parties may conduct these depositions by Zoom or other remote

18

means. Cottonwood shall bear the reasonable costs of conducting these depositions. Cottonwood also shall be allowed to depose Boyne's expert in the event that Boyne files a supplemental site visit report. This deposition may be conducted by Zoom or other remote means. Cottonwood once again must bear the reasonable costs related to this deposition. The parties will complete these depositions no later than October 17, 2025.

As a final matter, the Court granted Boyne's motion for summary judgment on Cottonwood's direct discharge claim. (Doc. 290.) Osorno's report on the site visit exchanged on August 20, 2025, mentions evaluations related to direct discharge. The Court reminds Cottonwood that opinions contained in Osorno's report related to direct discharge theories should not be raised at trial.

## ORDER

Accordingly, **IT IS HEREBY ORDERED** Boyne's Motion to Exclude Dr. Patricia Glibert's Technical Report is **DENIED**. (Doc. 252). **IT IS HEREBY ORDERED** Boyne's Motion to Exclude Expert Opinion of Barry Dutton is **DENIED**. (Doc. 270.) **IT IS HEREBY ORDERED** Boyne's Motion to Exclude Expert Opinions of Trevor Osorno and Barry Dutton is **DENIED**. (Doc. 285.)

1. Boyne shall file any supplemental reports no later than October 3, 2025.

2.  The parties shall complete any needed depositions no later than October 17, 2025.

3.  Cottonwood shall bear reasonable costs associated with the re-opening of these depositions as described in the Court's Order.

DATED this 5th day of September, 2025.

_____
Brian Morris, Chief District Judge
United States District Court