# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BUTTE DIVISION

| | |
|---|---|
| COTTONWOOD ENVIRONMENTAL LAW CENTER,<br><br>Plaintiff,<br><br>v.<br><br>BOYNE USA, INC.,<br><br>Defendants. | No. CV 20-28-BU-BMM<br><br>**ORDER ON**<br>**MOTION TO QUASH** |

## INTRODUCTION

Terry Campbell ("Campbell") and the Montana Department of Environmental Quality ("DEQ") move to quash a subpoena issued by Cottonwood Environmental Law Center ("Cottonwood"). (Doc. 303.) Cottonwood opposes the motion. (Doc. 309.) Defendant Boyne USA, Inc., ("Boyne") supports the motion. (Doc. 306.) The Court grants the motion.

## FACTUAL AND PROCEDURAL BACKGROUND

Cottonwood filed suit against Big Sky Water and Sewer District No. 363 ("District"), alleging pollution of the Gallatin River in violation of the Clean Water Act on July 10, 2020. (Doc. 1.) The Court granted Cottonwood leave to amend its

1

complaint to add Boyne as a party on December 17, 2021. (Doc. 89 at 8–10.) After Cottonwood filed its amendment, the Court divided the action to address Cottonwood's claims against each party separately. (Doc. 118.)

Campbell served as DEQ's representative in a 30(b)(6) deposition testimony in the first phase of this case in August 2021 before Boyne was joined as a party. (Doc. 304 at 2.) The District and Cottonwood subpoenaed Campbell to testify at trial in April 2022. (*Id.*) Campbell attested to his opinions on the Nutrient Management Plan and the Meadow Village Golf Course's irrigation operations and procedures at the phase one trial and the deposition testimony. (*See* Docs. 309-1 & 147.) The jury found that Cottonwood had failed to prove that the District violated the Clean Water Act. (Doc. 142.)

Cottonwood later submitted a complaint with DEQ against Boyne in May 2022. (Doc. 300 at 9.) The complaint alleged that Boyne was overirrigating the Meadow Village Golf Course. (*Id.*) Campbell retired from DEQ in July 2022. (Doc. 304 at 2.) DEQ determined that the complaint lacked merit after an investigation of the allegations. (Doc. 300 at 9; *see also* Doc. 238-4.) DEQ issued a closure letter of the issue on March 5, 2024. (*Id.*)

Cottonwood served its Rule 26(a)(1) initial disclosures for the second phase of the case on July 11, 2024. (Doc. 305 at 18.) The initial disclosures failed to list Campbell as a witness. (*Id.* at 18–19.) Cottonwood issued a subpoena of Campbell.

2

(Doc. 304.) Campbell and DEQ filed a motion to quash the subpoena on November 3, 2025. (Doc. 303.) The Court heard limited argument on this issue at the Final Pretrial Conference on November 3, 2025. (Doc. 302.) The Court directed parties to submit simultaneous briefs on the issue. (*Id.*)

## LEGAL STANDARD

Federal Rule of Civil Procedure 45 permits a party in a lawsuit to serve on any person, including a non-party, a subpoena requiring the production of "documents, electronically stored information, or tangible things in that person's possession, custody, or control." Fed. R. Civ. P. 45(a)(1)(A)(iii). The scope of discovery that can be requested through a Rule 45 subpoena is the same as that applicable under Rule 26(b). Fed. R. Civ. P. 45 Advisory Comm.'s Note (1970); *see also Transcor, Inc. v. Furney Charters, Inc.*, 212 F.R.D. 588, 591 (D. Kan. 2003) ("It is well settled, however, that the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26(b) and Rule 34."). Rule 26(b) allows a party to obtain discovery concerning any nonprivileged matter that is relevant to any party's claim or defense. Fed. R. Civ. P. 26(b)(1).

Subpoenas have limits. Subpoenas often burden third parties to an extent greater than the value of the documents that they produce. A court must balance these interests. A district court's ultimate decision on whether to quash a subpoena

3

is typically a matter of discretion. *Mattel, Inc. v. Walking Mountain Prods.*, 353 F.3d 792, 813 (9th Cir. 2003).

## DISCUSSION

Campbell and DEQ argue that the Court should grant the motion to quash due to Campbell lacking personal knowledge of DEQ's investigation of Cottonwood's complaint and the current dispute of whether Boyne is overirrigating the Meadow Village Golf Course. (Doc. 304 at 2.) Cottonwood contends that Campbell's testimony would provide relevant testimony to the claims at issue. (Doc. 309 at 3.) Cottonwood further contends that its failure to disclose Campbell proves harmless because Boyne had noticed of Campbell's previous deposition testimony through its counsel. (*Id*. at 2.)

A court may not compel testimony of a witness in their Rule 30(b)(6) capacity who lack personal knowledge of the issues in dispute. *E.g., Bell v. Boeing Co.*, 2022 WL 1607935, at *15–16 (W.D. Wash. May 20, 2022). Campbell attested at the phase one trial to the facility's permit status. (Doc. 147 at 5.) Campbell further attested to the use of treated sewage on the Meadow Golf Course. (*Id*. at 9.) These attestations indicate that Campbell had some personal knowledge of Boyne's operations and procedures for the Meadow Village Golf Course.

A court may also not compel testimony of a witness in their Rule 30(b)(6) capacity if the recalling of witness would cause an undue burden. *See De Jaray v.*

4

*Lattice Semiconducter Corp.*, 345 F.R.D. 353, 357 (D. Ore. Jan. 18, 2024). The District of Oregon determined that "nothing in Rule 30(b)(6) (or any other rule) requires that [a witness] repeat such a burden for trial, especially when trial is scheduled to begin in less than two weeks, as is the case here." *Id*. Similarly, Cottonwood seeks to compel the testimony of Campbell with less than a week before trial. *Id*. Campbell has retired from his post at DEQ. Campbell would be required to review his earlier statements in his deposition testimony or testimony from phase one of the trial. Campbell would also be required to travel on his own time and pay for his own expenses as he no longer works for DEQ. The Court will not require Campbell to retestify as doing so would place an undue burden on him. *Id*.

Cottonwood failed to disclose Campbell as a witness in violation of Federal Rule of Civil Procedure 26(a)(2)(D). Rule 37(c) forbids a party who fails to disclose a witness properly from "us[ing] the witness to supply evidence at trial unless it establishes that the failure was substantially justified or harmless." *Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 826 (9th Cir. 2011). "A failure to disclose witness information is harmless 'if the other party was well aware of the identity of the undisclosed witness and the scope of their relevant knowledge well before the presentation of the expert's testimony." *Ere Ventures v. David Evans & Assocs.*, 2018 U.S. Dist. LEXIS 239658, at *17–18 (C.D. Cal. Feb. 9, 2018).

5

Cottonwood's failure to disclose Campbell proves harmless. Campbell served as a Rule 30(b)(6) Representative for DEQ. Boyne had some awareness of Campbell's identity and "the scope of his relevant knowledge" on Cottonwood's claims of overirrigation. *Ere Ventures*, 2018 U.S. Dist. LEXIS 239658, at *17–18. Campbell had at least worked on Cottonwood's claims against Boyne for some time before his retirement in July 2022. Campbell demonstrated familiarity with Boyne's operations regarding the volume of treated effluent applied to the Meadow Village Golf Course and Boyne's permit status. (Doc. 147 at 5, 9.) The Court will allow Cottonwood to read relevant portions of Campbell's deposition and trial testimony as designated by the parties.

## CONCLUSION

The Court will not require DEQ to redesignate a 30(b)(6) witness before trial given the short notice. The Court directs Boyne and Cottonwood to meet and confer by 5:00 P.M. on Wednesday, November 12, 2025, on what portions of Campbell's deposition testimony and previous trial testimony may be designated for admission at the phase two trial. If Boyne and Cottonwood fail to agree by the deadline on the stipulated designated testimony, the Court will determine what testimony may be presented by the parties from Campbell's deposition testimony at the phase two trial.

## ORDER

Accordingly, **it is ORDERED** that Campbell's and DEQ's Motion to Quash Subpoena (Doc. 303) is **DENIED in part and GRANTED in part**:

- Cottonwood cannot recall Campbell as a witness;

- DEQ is not required to provide a new representative to testify in replace of Campbell;

- Boyne and Cottonwood have until 5:00 P.M. on November 12, 2025, to agree on designated testimony from Campbell's deposition and trial testimony from the phase one trial to be presented at phase two of the trial.

DATED this 10th day of November 2025.

_____
Brian Morris, Chief District Judge
United States District Court

7